STATE v. WELSH.

1. Where self-defence is pleaded to an indictment, the defendant must establish it by the preponderance of evidence. but, at the same time, the guilt of the defendant must be made to appear beyond all reasonable doubt.
2. In determining whether there is error in instructions to the jury, the charge must be considered as a whole.
3. A person convicted of assault and battery with intent to kill (which is a misdemeanor), may be sentenced to imprisonment at hard labor in the penitentiary under the act of 1878 (16 *Stat.*, 453, *Gen. Stat.*, § 2615); and the general terms of this statute were not affected by its incorporation into chapter CX. of the General Statutes, entitled "Of Felonies."

Before WALLACE, J., Lancaster, October, 1887.

The opinion states the case.

*Messrs. W. J. Hough* and *R. E. & R. B. Allison*, for appellant.

*Mr. McDonald*, solicitor, contra.

June 19, 1888.    The opinion of the court was delivered by

MR. JUSTICE McGOWAN.    The defendant, at the October term of the court for Lancaster (1887), was convicted of an assault and battery with intent to kill one D. K. Price. The defence interposed was that of self-defence—that Price was advancing upon the defendant with a raised crutch, and that he cut him with his knife, to save himself from great bodily harm. Price testified that one C. C. Horton and the defendant were together in front of the Catawba House in Lancaster, when he (Price) approached Horton and asked him to pay a small account "for fixing a walking-stick for him," whereupon Welsh spoke out and told Horton that he had paid Mr. Gorside, the partner, and that he should not pay again for it. Price replied that he had not received the money, and that he, Welsh, had nothing to do with it, at which he (Welsh) became enraged and cut him badly with a knife several times. The defendant admitted the cutting, but testified that when he used his knife, Price had his large crutch drawn and was in the act of striking him.

The jury found the defendant "guilty," and he was thereupon sentenced to pay a fine of $300 and the costs, or to be imprisoned in the State penitentiary at hard labor for the term of one year. The defendant appeals to this court upon the following grounds :

 I. Because his honor erred in charging that, on the trial of the case, under an indictment of this character, on a plea of self-defence, the defence must be established by "the preponderance of the testimony."

II. Because his honor erred in charging the jury that the general rule of giving the prisoner the benefit of reasonable doubt does not apply to a defence like the one set up in this case, unless such reasonable doubt be established by a preponderance of the evidence.

III. Because he erred in charging the jury that to raise a "reasonable doubt," under the plea of self-defence, the same must be established by the preponderance of the testimony ; whereas the rule is, that the defendant is entitled to all reasonable doubts, whether raised by a preponderance of the testimony or not.

IV. Because his honor, the presiding judge, erred in sentenc-

ing the defendant to the penitentiary ; and the sentence is void-able on that ground.

V. Because his honor was not warranted by law in sentencing the defendant to the penitentiary ; as one convicted of an assault and battery with intent to kill, cannot be legally sentenced at hard labor in the penitentiary.

VI. Because the sentence is erroneous on other grounds.

Exceptions 1, 2, and 3 complain that the Circuit Judge mis-directed the jury in that, if the State by its showing established the charge made beyond a reasonable doubt, it was then incum-bent on the defendant, in order to overthrow such case, to make out his defence by a "preponderance of the evidence." It is undoubtedly true that, in a criminal prosecution, the accused is mercifully allowed the benefit of "all reasonable doubts." But when the defendant undertakes to set up and establish a distinct defence which will relieve him, we do not understand that this rule makes any essential change in the familiar principle, that to produce conviction there must always be at least a preponder-ance of evidence upon the issue, to be, however, considered in subordination to the other general rule, that in a criminal case the accused party is entitled to the "benefit. of all reasonable doubts." When properly understood, there is not, as it seems to us, any necessary inconsistency between the two rules—one relating to the *quantum* of proof necessary, and the other declar-ing that in reference to this question of "preponderance" as well as all others involved, "reasonable doubts must be solved in favor of presumed innocence." We can see no injustice in requiring matters of defence to be established according to the ordinary rule of evidence—that of a "preponderance," which is the low-est degree capable of producing conviction. "If a party charged with crime pleads a particular defence, such as insanity or an *alibi* [or, as we suppose, self-defence], the fact must be proved as it is alleged by him. Preponderance of evidence is the lowest degree capable of producing conviction. Less cannot be required of one whose duty it is to establish a particular fact, subject, of course, to the general rule, that a party charged with crime is entitled to the benefit of all reasonable doubts. *State* v. *Paulk*,

18 S. C., 515; *State* v. *Bundy*, 24 *Id.*, 439.'' *State* v. *Nance*, 25 S. C., 173.

In determining whether a Circuit Judge has committed error of law in his instructions to the jury, it is not allowable to take detached paragraphs out of their connections with the context, but we should consider it as a whole. Now, thus considered, it seems to us that the charge was in conformity to principle and the decided cases upon the subject. He said: "The prosecution alleges that on account of an altercation between Dan Price and himself, the defendant cut Dan Price with a knife. Then if you believe that beyond a reasonable doubt, the defendant is guilty of an assault and battery of a high and aggravated nature. The law is, that no words, no matter how insulting they may be, is any excuse for an assault and battery or any other act of violence; so if the theory of the prosecution is true, and you are satisfied beyond the shadow of a doubt that, because of words spoken, Welsh cut Price with a knife, then he is guilty of an aggravated assault and battery. * * * The prosecution must make out its case beyond a reasonable doubt. The defendant, when he undertakes to make out his defence, accomplishes his purpose when he satisfies the jury of the truth of the allegations in his behalf by the preponderance of the testimony; the burden is always on the prosecution to show, not only a *prima facie* case, but beyond a reasonable doubt. The defendant, after a case of guilt has been made out beyond a reasonable doubt on the showing made, and he undertakes to explain away his guilt, and succeeds in doing that by a preponderance of the testimony in his favor, then he is not guilty. If you are satisfied by the preponderance of the testimony that the defendant cut Price when he, the defendant, was in a maimed condition and not in physical condition to defend himself by his natural arm,[1] while Price was trying to hurt him severely, it is a case of self-defence. So just as the facts are determined by you, so will be your verdict. If you are satisfied beyond a reasonable doubt that Welsh cut Price on account of words spoken, then Welsh is guilty of an assault and battery of a high and aggravated nature," &c. We think

---

[1] One of defendant's arms was disabled by a recent accident and was carried in a sling.—REPORTER.

that the defendant had no right to complain of this charge, and that there was no error of misdirection on the part of the judge.

The other exceptions make the point, that it was error to sentence the defendant to the penitentiary, he having been convicted, not of a felony, but simply of an assault and battery with intent to kill. It is true that it was held in the cases of *State* v. *Hord,* 8 S. C., 84 (1876), and *Ex parte Bond,* 9 S. C., 80 (1877), that it was error to sentence to the State penitentiary one who had been convicted of assault and battery with intent to kill, which is not a felony, but a mere misdemeanor. But those cases went upon the ground that at that time there was no special statute on the subject, which included misdemeanors; and that where imprisonment was imposed according to the common law, it was always in the county jail. The court said: "Imprisonment in a penitentiary, under a judicial sentence, is regarded as more ignominious and degrading than confinement in a county jail. The power to commit to the penitentiary, on a conviction by a jury for some violation of the law, must be authorized by a positive provision; and if none can be found sanctioning its exercise, it cannot be enforced with even the semblance of legal warrant." *State* v. *Hord, supra.*

But soon after the above cases were decided, and most probably for the purpose of curing the very defect of the law disclosed by them, viz., in December, 1878, the general assembly passed an act (now embodied in section 2615 of the General Statutes), which provides as follows: "In every case in which imprisonment is provided as the punishment in whole or in part for any crime, such imprisonment shall be either in the penitentiary with or without hard labor, or in the county jail with or without hard labor, at the discretion of the Circuit Judge pronouncing the sentence." The terms of this act expressly cover this case.

It is urged, however, that the section, as it appears in the General Statutes, is a part of chapter CX., the heading of which is, "Of Felonies, Accessories, and Abettors," and that therefore the act must be construed as applying alone to "felonies." We cannot accept such a narrow construction, which, as it seems to us, is conclusively negatived, not only by the time at which the act was passed, and the fact that so far as felonies were con-

cerned, there was no necessity for it, but by the very terms of the act itself—"In every case in which imprisonment is provided," &c. Besides, as originally passed, the act had no connection with any particular grade of offences, but was an isolated independent act, "to amend the law respecting the punishment of crime." 16 *Stat.*, 453. We have no doubt that the act was afterwards put into the General Statutes, and placed in the aforesaid chapter, in connection with other provisions on the subject of the criminal law, merely for the sake of order and convenience of reference.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.