## STATE v. JACKSON.

1. CHARGE ON FACTS.—In stating to a jury the points of evidence as to which there is no dispute, and leaving wholly to them the only fact at issue in the case, the judge did not charge on the facts within the meaning of the Constitution.

2. MALICE—DEADLY WEAPON.—The law implies malice from the use of a deadly weapon, unless there are some circumstances of mitigation or excuse in the case.

3. PROOF OF ALIBI.—There was no error in charging the jury that the proof of an *alibi* must be clear and convincing, and must satisfy the jury by the preponderance of the evidence that the accused, at the time of the killing, was not at the place where the killing is said to have occurred; but that an *alibi* did not require proof beyond all reasonable doubt.

Before KERSHAW, J., Orangeburg, January, 1892.

This was an indictment against Toby Jackson for the murder of Nelson Hook in December, 1890. The charge of the Circuit Judge, omitting legal definitions and instructions not excepted to, was as follows:

I have described to you now the legal character of homicide, and you are to determine from the facts of this case what was the nature of that killing. What class of homicide does it fall under. The testimony in this case tends to show that this man Hook was killed on the occasion referred to, and that he was killed by Toby Jackson, and there are no circumstances of mitigation or excuse. There is no pretence that there was any provocation. There is no pretence that there were any circumstances to excuse the killing. The proof tends to show that the killing was done with a deadly weapon, and, under such circumstances, the law implies malice, and the killing would be murder, unless there were some circumstances of justification or excuse in the case.

If you get that far along, that will bring you to the question whether Toby Jackson did in fact kill the deceased. Is Toby Jackson the man who did kill Hook that night ? The defendant rests his case on an *alibi*. The witnesses for the defence say Toby Jackson was not the man who killed this party, because, they say, he was not there. We all know that a man cannot be in two places at the same time, and if Toby Jackson, at the time that the fatal shot was fired, was, in point of fact, at McCoy's house, he could not have been at Jeffcoat's. He must have been at one place or the other at the time the shot was fired, and if he was at McCoy's when the fatal shot was fired, then he could not have been the man who fired it. The evidence does not point to any one else, but that is immaterial. Has the *alibi* been made out ? The State is required to prove the guilt of a party charged beyond a reasonable doubt to the satisfaction of a jury. But the defendant, when he sets up a defence like this, is required to prove it, not beyond a reasonable doubt, but he must prove it to the satisfaction of a jury by the preponderance of testimony, so that the jury believe that his defence is true. As I have been asked, I charge you that the proof of an *alibi* must be clear and convincing, and must satisfy the jury by the preponderance of the evidence that the accused was not, at the time of the killing, at the place where the killing is said to have occurred. Now, how far this *alibi* comes up to that rule is altogether for you. The question when you come to the *alibi* is, whether, at the

moment the fatal shot was fired, Toby Jackson was at McCoy's house.

There are some other circumstances about the legal effect of which I should charge you. One is that portion of the testimony which charges the defendant with having left the community where he lived and gone off to a distance and changed his name. In a legal aspect, when a man flies justice, being accused of a crime—tries to get away and secrete himself—it is considered a circumstance of guilt, and it is founded upon a belief pretty much inherent in our minds, that when a man is perfectly innocent he does not feel like running away. This Mr. Stevens, to whom the defendant is said to have applied for assistance, gave him the best possible advice when he told him that if he was innocent to go and deliver himself up, and the advice which was given him to go away was very bad advice. There are other questions which must be considered in that connection. There is some testimony that his life was threatened, and if you believe that he went away on account of the threats made against him, that may be a sufficient excuse for his going off and hiding himself.

But you will take the facts, and all the facts, in the case and weigh them ; and if, upon the whole case, you have a reasonable doubt as to whether the man was killed, or whether Toby Jackson killed him, then you must find a verdict of not guilty. If you have no reasonable doubt, but believe beyond a reasonable doubt that this man Hook was killed on this occasion, and that the prisoner at the bar did kill him, then you should find a verdict of guilty.

The defendant was found guilty and sentenced to be hanged. He appealed on the grounds stated in the opinion.

*Messrs. C. G. Dantzler* and *J. B. McLaughlin,* for appellant.

*Mr. Jervey,* solicitor, contra.

June 28, 1892. The opinion of the court was delivered by

MR. CHIEF JUSTICE McIVER. The defendant was indicted for, and convicted of, the crime of murder, in taking the life of

one Nelson Hook. So far as we can perceive from the evidence set out in the "Case" there was not a shadow of testimony tending to show any excuse or provocation for firing the fatal shot which resulted in the instant death of the deceased ; and the only disputed question of fact was whether the defendant was the guilty party. Several witnesses testified positively and distinctly that the defendant fired the gun, and there was also testimony tending to show that defendant, looking upon the dead body of his victim, said, with an oath : "I have got one, and I am going to get another." Or, as phrased by another witness : "I got that one." The only defence interposed was that of an *alibi*, and several witnesses testified that the defendant was at a place some two miles distant at the time when Hook was killed.

The jury having rendered a verdict of guilty, defendant appealed upon the grounds set out in the record. The first imputes error to his honor, Judge Kershaw, in violating the provisions of art. IV., sec. 26, by charging upon the facts in the following particulars : 1st. In saying to the jury : "The testimony in this case tends to show that this man Hook was killed on the occasion referred to, and that he was killed by Toby Jackson, and there are no circumstances of mitigation or excuse." 2nd. "The evidence does not point to any one else, but that is immaterial." 3rd. "There is no pretence that there were any circumstances to excuse the killing." 4th. "There is no pretence that there was any provocation." 5th. "The proof tends to show that the killing was done with a deadly weapon, and under such circumstances the law implies malice, and the killing would be murder, unless there were some circumstances of justification or excuse in the case." The remaining ground, though stated as one of the specifications of the general charge of violating the constitutional provision above referred to, manifestly has no application to such charge, and will, therefore, be hereinafter separately stated and considered.

In view of the numerous cases in which this court has been called upon to consider the scope and effect of the constitutional provision which it is claimed has been violated in this case, it can scarcely be necessary for us to go over again the same ground, especially where it is only necessary to

read the charge of the Circuit Judge as a connected whole (for which purpose it should be incorporated in the report of the case), to see that the imputation of error is utterly without foundation. There was not a shadow of dispute that the life of the deceased was taken with a deadly weapon, without the slightest pretence of any excuse or provocation, and the solitary disputed question of fact in the case was as to whether the testimony was sufficient to establish, beyond a reasonable doubt, that the defendant was the party who did the felonious deed. It is impossible to read the charge of his honor without perceiving that this question was left to the jury fully and fairly, without the slightest intimation of the judge's opinion as to that question. Indeed, it is not charged in any of the specifications that the judge expressed, or even intimated, any opinion as to that question. These specifications only point to the statement of undisputed facts, and this, as has been held, is no violation of the constitutional provision. *State* v. *Summers*, 19 S. C., 94 ; *State* v. *Nance*, 25 *Id.*, 173 ; *State* v. *Davis*, 27 *Id.*, 614 ; *State* v. *Murrell*, 33 *Id.*, 98.

There was, and could be, no dispute that there was testimony tending to show that the deceased was killed by the defendant; that there was no circumstances of mitigation, excuse, or provocation for the killing ; that the killing was done with a deadly weapon, and there was, therefore, no error in stating these undisputed facts, in the connection in which they appear in the charge. It is likewise true that there was no evidence pointing to any one else as the author of the guilty deed, though the jury were very properly told, in that connection, "that is immaterial," for the fact that the evidence did not show that any one else had done the deed, would not be sufficient to fix guilt upon the defendant. Indeed, as we have said, the only issue of fact raised by the single defence interposed, about which there was any dispute, was fairly left to the jury, and there was certainly no error on the part of the Circuit Judge in simply repeating to the jury other facts appearing in the testimony as to which there was no dispute, or in saying to the jury that there was no evidence as to certain points mentioned.

It may be that the fifth specification was intended not only to

designate an instance of a violation of the constitutional provision under consideration, but also to raise an independent legal question as to whether the law would imply malice from the use of a deadly weapon, unless there were some circumstances of mitigation or excuse in the case. If so, we can only say that the doctrine announced by the Circuit Judge has been too long and too well settled to require the citation of any authority to sustain it.

It only remains for us to consider the last ground of appeal, which is in these words : "Because his honor erred in charging the jury that 'the proof of an *alibi* must be clear and convincing, and must satisfy the jury by the preponderance of the evidence that the accused was not at the time of the killing at the place where the killing is said to have occurred.' " The point of this exception seems to rest upon the words "clear and convincing," used by the Circuit Judge to indicate the nature and degree of the proof necessary to establish the defence of *alibi.* We find, however, that Mr. Justice Foster, in his Crown Law, 368, said : "It must be admitted that mere *alibi* evidence lieth under a great and general prejudice, and ought to be heard with uncommon caution ; but if it be founded in truth, it is the best negative evidence that can be offered ; it is really positive evidence which, in the nature of things, necessarily implieth a negative, and in many cases it is the only evidence that an innocent man can offer ;" and this remark is quoted with approval in Phillips on Evidence, 249, in 2nd Am., from 3rd London Edit. So, also, we find that in 1 Am. & Eng. Enc. Law, 455, it is said : "Where the prosecution rests upon positive and undoubted proof of the prisoner's guilt, it should not be overcome by less than full, clear, and satisfactory evidence of the alleged *alibi.*"

In view of these authorities we cannot say that the Circuit Judge erred in using the terms objected to as characterizing the nature and degree of evidence necessary to establish an *alibi,* especially when the jury were told in that connection, as well as in other portions of the charge, that it was not necessary that the *alibi* should be proved beyond all reasonable doubt, but that a mere preponderance of evidence would be sufficient. Practically

the instruction amounted to this: that the evidence relied on to establish the *alibi* must be sufficiently clear and. convincing to satisfy the jury that the preponderance of the evidence was in favor of the *alibi*. but it need not be sufficient to remove all reasonable doubt of the fact that. the defendant was not at the place where the homicide was committed at the time when it was committed. This, it seems to us, was substantially in conformity to the rule as established in this State by the cases cited in appellant's argument, to wit, that while the State, in a criminal case, is bound to prove every essential element of the charge made, beyond a reasonable doubt, the same degree of proof is not required of a defendant who sets up a special defence, which may be proved by a mere preponderance of the evidence; and if, upon the whole testimony, both on the part of the State and the defendant, the jury entertain a reasonable doubt as to any point material to the charge, the defendant is entitled to the benefit of such doubt.

The judgment of this court is, that the judgment of the Circuit Court be affirmed, and that the case be remanded to the Court of General Sessions for Orangeburg County, in order that a new day may be assigned for the execution of the sentence heretofore imposed.