## STATE v. ANDERSON.

1. CRIMINAL LAW—CHALLENGES.—In trial on indictment for stealing
   cow of value of $15, State is only entitled to two peremptory chal-
   lenges.
2. IBID.—ALIBI—REASONABLE DOUBT.—The defense of alibi must be
   sustained by preponderance of all the evidence thereon, after the
   State has proved its case beyond a reasonable doubt on all the testi-
   mony.
3. IBID.—TIME—LARCENY.—In cases of larceny, the State is not re-
   quired to prove that the offense was committed at exact date laid in
   indictment, but must show that it was committed before finding of
   bill.

Before ALDRICH, J., Greenwood, August, 1900.    Re-
versed.

Indictment against William Anderson for stealing a cow
valued at $15.    From judgment in Sessions Court, defend-
ant appeals.

*Messrs. Graydon & Giles,* for appellant, cite: *As to chal-
lenges:* 30 S. C., 69.    *As to the establishing of the defense
of alibi:* 18 S. C., 520; 36 S. C., 487.

*Mr. U. X. Gunter, jr.,* assistant attorney general, contra.

February 11, 1901.    The opinion of the Court was delivered by

MR. JUSTICE JONES.    The defendant was convicted under an indictment for larceny of live stock, a cow, alleged to be of the value of $15.

1. The State, over defendant's objections, was allowed five peremptory challenges to jurors, and this ruling is excepted to as error.    We think the Circuit Court erred herein. The right to exercise peremptory challenges to jurors is regulated by statute appearing as section 54 of the Criminal Statutes, which allows the State not exceeding five such challenges in cases wherein any person is arraigned for murder, manslaughter, burglary, arson, rape, grand larceny or forgery; and in all other cases not exceeding two such challenges. Larceny of a cow of the value of $15 is not grand larceny, although made punishable under section 146, Criminal Statutes, in more severe terms than prescribed in section 160 for larcenies of other articles under the value of $20.    In the case of *State* v. *Moore*, 30 S. C., 71, the Court held that a defendant was not entitled to an arraignment under an indictment for the larceny of a cow alleged to be of the value of $15, notwithstanding grand larceny is an offense in which arraignment was necessary.    In other words, that such an indictment is not for grand larceny.    The offense charged in the indictment in this case must, therefore, fall under the class of cases in which not exceeding two peremptory challenges are allowed to the State.

2. On the trial the defendant introduced evidence to prove an *alibi,* and in reference to this matter the Circuit Court charged the jury: "Where the defendant enters a general plea of not guilty—that is, a denial of the State's entire case—it puts the State upon proof of the case, of the charge. If he goes on further, and enters a special plea—for instance, an *alibi*—then the defendant assumes the burden of proving that special plea, not beyond a reasonable doubt but by the preponderance—the greater

weight—of the testimony." It is excepted that this charge
was erroneous. "a. In misleading the jury into supposing
that the defense of *alibi* is an affirmative defense like insan-
ity and self-defense; whereas, it is respectfully submitted
that an *alibi* is not a special affirmative defense, but a mere
fact shown in rebuttal of the State's case. b. In instructing
the jury that the defendant must establish his plea or de-
fense, if *alibi,* by a preponderance of the evidence, thus re-
quiring him to prove his innocence of the crime charged,
instead of charging that the burden of proof rests on the
State all through the case. c. In not instructing the jury
that it is sufficient to entitle the defendant to a verdict of not
guilty that the evidence of *alibi* should raise a reasonable
doubt as to the guilt of the defendant. d. In confounding
the defense of *alibi,* which is a mere fact in rebuttal of the
State's case, with special defenses, such as insanity and self-
defense, which confess the doing of the act, but deny the
malice charged in the indictment."

In addition to the foregoing charge, the Circuit Court ex-
plicitly instructed the jury that "it is the duty of the State to
prove every material allegation in an indictment, beyond a
reasonable doubt, and the defendant is entitled to the benefit
of any reasonable doubt growing out of the testimony;" and
at the close of the charge the Court reiterated that "the de-
fendant is entitled to the benefit of any reasonable doubt
growing out of all the testimony in the case." In view of
these instructions and the cases of *State* v. *Nance,* 25 S. C.,
173, and *State* v. *Jackson,* 36 S. C., 492, we do not think the
Court in this matter committed reversible error. These
cases seem to treat an *alibi* as a special defense, to be sup-
ported by a preponderance of the evidence, just as the plea
of insanity is treated in *State* v. *Paulk,* 18 S. C., 515, and
*State* v. *Bundy,* 24 S. C., 442; but all the cases recognize that
such rule is subordinate to the cardinal rule in criminal cases,
that the State must prove every element of the crime charged
beyond a reasonable doubt. In criminal cases, "the prepon-
derance of the evidence" is with the defendant, when the

evidence raises a reasonable doubt of his guilt; since the case
of the State is thereby overthrown in *State* v. *Paulk, supra,*
approved in *State* v. *Bundy, supra,* the rule in this State is
thus expressed: "Where the State fully proves a *prima facie*
case, and a special defense such as insanity, *alibi,* &c., is in-
terposed, it must be established only by such a preponder-
ance of evidence as will satisfy the jury that the charge is
not sustained beyond all reasonable doubt." Such was the
practical effect of the charge, treated as a whole.

3. The following charge by the Court is excepted to:
"Time is not what we term of the essence of a crime, when
a theft or other criminal offense is charged to have been com-
mitted at a certain time. The gist of the charge does not
consist in proving that it was done at the exact time
laid in the indictment. The gist is whether or not
the crime as alleged was committed; and if the State
proves that it was committed at any time, the particular
charge contained in the indictment, prior to the finding of
the true bill, that would be sufficient; but the State must
prove the charge as contained in the indictment. It is not
necessary, and the State is not required to prove the exact
time laid in the indictment; but still it must prove that sub-
stantive charge as having been committed at some date cer-
tainly before the finding of the true bill." This charge was
in accord with well settled law. *State* v. *Reynolds,* 48 S. C.,
384.

The judgment of the Circuit Court is reversed.