## STATE v. GADSDEN.

1. CROSS-EXAMINATION—EVIDENCE.—Appellant cannot object to an answer in direct response to his question on cross-examination, even though it give an impression of the witness.
2. EXCEPTION.—Where it does not appear from the record that a motion for a new trial was made on behalf of a defendant, and exception charging error in refusing the motion cannot be considered.
3. IBID.—INDICTMENT.—An exception alleging that the Court erred in sustaining a verdict for the burning of A's barn, while the indictment charged it was B's barn, cannot be sustained, because no such point was made below, and the record did not disclose any allegation as to ownership made in the indictment.
4. ALIBI—REASONABLE DOUBT.—If there be a reasonable doubt that defendant's plea of alibi is established by the preponderance of the evidence, it should be solved in favor of defendant.
5. CHARGE—REQUEST.—It is not error to charge a request subject to what has been charged, when the request does not differ from what had been previously charged.

Before KLUGH, J., Oconee, March term, 1904.    Affirmed.

Indictment for arson against Limerick Gadsden and John Trip.    From sentence, defendants appeal.

*Mr. J. R. Earle,* for appellants.

*Solicitor J. E. Boggs,* contra.

February 11, 1905.    The opinion of the Court was delivered by

MR. JUSTICE WOODS. The defendants, Limerick Gadsden and John Trip, were convicted of arson, with recommendation to mercy.

The first ground of appeal is that the Circuit Court erred in allowing the witness, W. J. Stribling, to give his impression formed from a conversation he held with the defendant Gadsden a day or two before the fire, instead of confining him to a statement of the substance of the conversation. When this witness had given the conversation in substance, undertaking in some degree to use Gadsden's precise words, which indicated ill-will on the part of Gadsden towards the prosecutor, and expression of an intention to "fix him," the defendants' counsel moved to strike out all the witness had said on the subject, "as being irrelevant and tending to show reputation." This motion was, of course, refused. The witness then said: "The impression that Limerick made on me was that he intended to indict Craig." The solicitor thereupon objected on the ground that "impressions are not testimony." His objection was overruled, and the witness said: "I had an impression it was produced in part of my knowledge of Limerick. That impression was that Limerick was up to some devilment." The defendants' counsel then asked: "Wasn't what he said what impressed you that he intended to indict him?" and the witness answered: "If I had not known him before, I might have thought he intended to indict, but from my previous knowledge of him, my impression was very different from that." At this point it is said in the record, "Mr. Earle [defendants' counsel] renews motion to strike out." It will be seen from this statement of what occurred at the trial, taken from the printed case, that it does not appear that defendants' counsel objected at any time to the witness giving his impressions, but, on the contrary, that the objection was made by the solicitor. Defendants' first motion to strike out was made when the conversation itself—not impressions or conclusions—had

been given. When the motion to strike out was renewed, no intimation was given the Court as to the portion of the evidence it was intended to embrace. Assuming, however, the motion was intended to refer to the last answer of the witness, it was properly refused, because the answer was responsive to the question of defendants' counsel by which he was endeavoring to emphasize that the impression received by the witness from the conversation was that the intention of the defendant was merely to indict the prosecutor. The first five exceptions are, therefore, overruled.

As it does not appear from the record that a motion was made for a new trial on behalf of John Trip, the sixth exception, charging error in refusing him a new trial, cannot be considered.

The seventh exception is: "It was error for the Court to sustain a verdict for the burning of Mrs. Sarah S. Holleman's barn, while the indictment charges it was W. G. Craig's barn." No such point was made in the Court below, and there is nothing in the record to indicate the allegation as to ownership made in the indictment.

The defendant next alleges the Circuit Judge erred in charging, "If they have failed to establish that (referring to the plea of alibi) by the preponderance of the evidence, then you refuse that, and ascertain whether or not they are guilty or not guilty." Immediately after this remark in the charge, the Circuit Judge said: "If you have any reasonable doubt, give them the benefit of it. If you have any reasonable doubt as to whether they established an alibi, or not, by the greater weight of evidence, give them the benefit of the doubt and conclude that they have established their alibi." Manifestly this was not error. *State* v. *Anderson,* 59 S. C., 229, 37 S. E., 820.

After charging one of defendants' requests, the Circuit Judge said: "I have substantially charged you that already, and so charge you, taking that subject to what I have already said." The request did not vary in the least from the charge already given, and, therefore, there could be no error in giving it subject to what had been already charged.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.