9578

STATE v. GRICE.

(91 S. E. 383.)

CRIMINAL LAW—DEFENSE—ALIBI—INSTRUCTION.—In a prosecution for sale of liquor, in which the accused set up an alibi, instructions that, "The sole question for your determination is whether or not the accused sold one-half pint of whiskey to * * * as alleged in this bill of indictment," and "take along with you the sole issue in the case, give the defendant the benefit of every reasonable doubt," and that if defendant was not at the place where he is alleged to have sold the whiskey, he could not have committed the crime, gave full effect to the defendant's alibi, since the alibi was merely the means of disproving the charge.

Before SMITH, J., Columbia, May, 1916.    Affirmed.

J. N. Grice was convicted of selling liquor, and appeals.

*Mr. A. W. Holman,* for appellant.

*Mr. Solicitor Cobb,* for the respondent.

February 8, 1917.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The appellant was indicted for selling liquor. He pleaded not guilty and set up an alibi.    His Honor said to the jury:

"So go to your room; take along with you the sole issue in the case; give the defendant the benefit of every reasonable doubt."

FOOTNOTE.—As evidence of *alibi* in a criminal prosecution, see *State* v. *Atkins,* 49 S. C. 481, 27 S. E. 484; *State* v. *Watson,* 7 S. C. 63; *State* v. *Paulk,* 18 S. C. 514; *State* v. *Nance,* 25 S. C. 168; *State* v. *Jackson,* 36 S. C. 229, 37 S. E. 820; *State* v. *Gadsden,* 70 S. C. 430, 50 S. E. 16, and note in 8 A. & E. Ann. Cas. 1189, 41 L. R. A. 530, 68 L. R. A. 222.

The appellant contends that this prevented the jury from considering the alibi. This is the only question raised in this case. At another place in the charge, Judge Smith said:

"The sole question for your determination is whether or not the accused sold one-half pint of whiskey to one J. F. Hinton, as alleged in this bill of indictment."

That was an accurate statement. The alibi was merely a means of disproving the charge. He told the jury that if the defendant was not at the place where he is alleged to have sold the whiskey, he could not have committed the crime. Full effect was given to the alibi.

The exception is overruled, and the judgment is affirmed.