STATE v. COOPER

(113 S. E., 132)

1. INDICTMENT AND INFORMATION—ADMISSION OF TESTIMONY AS TO STATEMENT MADE ONE YEAR PRIOR TO TIME CHARGED IN INDICTMENT NOT ERROR.—In a prosecution for slander in which an indictment charged the offense as occurring in July, 1921, admission of testimony that it occurred in July, 1920, was not error.

2. CRIMINAL LAW—OBJECTION TO TESTIMONY NOT MADE AT TRIAL CANNOT BE RAISED ON APPEAL.—In a prosecution for slander, in which defendant on cross-examination stated that she founded her statement upon information given by another person who was called as a witness, an objection to the testimony of the other person that the matter brought out on cross-examination was collateral, and that it was improper to contradict defendant on a collateral statement adduced on cross-examination, and that a party is not permitted to ask a question on collateral statement on cross-examination for the purpose of putting up a witness later to contradict the witness, not raised at the trial, may not be raised on appeal.

3. CRIMINAL LAW—EXCEPTION TO ADMISSIBILITY OF EVIDENCE CANNOT BE CONSIDERED ON APPEAL WHEN OBJECTION TO EVIDENCE AT TRIAL WAS GENERAL.—In prosecution for slander, in which a witness was called to contradict the testimony of defendant, and a general objection was made to refusal of the trial Court to allow defendant to cross-examine the witness as to her bias against defendant, a specification of error that it was proper to prove bad feeling between the family of the defendant and the witness, to show bias not raised at the trial, cannot be raised on appeal.

4. CRIMINAL LAW—MODIFICATION OF CHARGE DEFINING "MALICE" HELD PROPER.—In a prosecution for slander, a requested charge that "malice" indicates a wicked heart and ill will toward another, and the jury cannot find defendant guilty unless it appears from the evidence that the words uttered by her were with malicious intent at the time and were not done in hot anger or heat. of passion, was properly modified by omitting the words "and were not done in hot anger or heat of passion," since the charge as presented violated Const. Art. 5, § 26, providing that Judges shall not charge juries in respect to matters of fact.

5. CRIMINAL LAW—REFUSAL OF CHARGE AS TO CONTRACT OF PARTIES TO SETTLE THE MATTER OF PROSECUTION FOR SLANDER, HELD PROPER.—In prosecution for slander, a charge that, if the parties adjusted their trouble and agreed to sign a contract which was to end the matter, unless the slander was repeated after the agreement was signed, there could be no recovery, was properly refused, since the parties do not have power to settle a criminal liability; the Solicitor alone having power to nol pros the case.

6. CRIMINAL LAW—EXCEPTION NOT CONFORMING TO RULES OF COURT WILL NOT BE CONSIDERED.—In prosecution for slander, an exception that the trial Court erred in overruling defendant's motion for a new trial upon the ground set forth in the record, and that defendant was entitled to a new trial for the errors specified, fails to conform to rule 5, § 6, of this Court (90 S. E. vii), and will not be considered.

Before ANSEL, J., County Court, Greenville, January, 1922. Affirmed.

Fannie Cooper upon conviction for slander appeals.

Following are the exceptions of the defendant:

(1) That his Honor erred in permitting testimony as to alleged slanderous statement made in July, 1920. Specification of error: The indictment charged that the slander occurred in July, 1921, and it was improper to permit the State

to then offer evidence that the offense occurred in 1920, and to prove statements made a year earlier than the date fixed in the indictment; that there was a very material difference in time, and therefore his Honor erred in permitting testimony as to what was said and done in July, 1920.

(2) That his Honor erred in permitting the State to offer testimony in contradiction of the defendant by Mrs. Adeline Smith. The Solicitor had, on cross-examination, finally forced the defendant to state the source of her information, and on cross-examination she said that Mrs. Smith had given her the information upon which she founded her statement. The solicitor put up Mrs. Smith to contradict this statement. Specification of error: (a) The matter brought out on cross-examination was collateral, and it was improper to contradict the defendant on a collateral statement adduced on cross-examination.

(b) One party is not permitted to ask question on collateral matter on cross-examination for the purpose of puting up witness later to contradict the witness.

(3) That his Honor erred in refusing to allow defendant to cross-examine Mrs. Adeline Smith as to her bias against the defendant, in that the defendant's counsel asked the witness if her brother had not been put on the chain gang for two years for assault and battery upon the father of the defendant. Specification of error: It was proper to prove bad feeling between the family of the defendant and Mrs. Smith to show bias, and said question and answer was proper and admissible, and his Honor erred in overruling the objection.

(4) That his Honor erred in not charging the third request of the defendant, as follows: "Malice indicates a wicked heart and an ill will towards another, and the jury cannot find the defendant guilty unless it appears from the evidence that the words uttered by her were with malicious intent at the time, and were not done in hot anger or heat of passion." Specification of error: It being respectfully

submitted that if a statement was made in heat and passion, without malice it could not be a criminal slander under the law of South Carolina.

(5) That his Honor erred in refusing to charge the sixth request of the defendant, as follows: "The jury is charged that, if the parties to this transaction within a few days thereafter reached an amicable and peaceful adjustment of their trouble and agreed that the signing of the contract was to end the matter, then the jury is charged that, unless the slander was repeated after the agreement was signed, there can be no conviction in this case." Specification of error: It being respectfully submitted that the said request was sound and proper and should have been charged.

(6) That his Honor erred in overruling defendant's motion for a new trial upon the grounds set forth in the record; it being respectfully submitted that the defendant was entitled to a new trial for the errors specified.

Upon these grounds, we will ask the Supreme Court to reverse the judgment below.

*Messrs. Bonham & Price* and *T. E. LaGrone,* for appellant, cite: *Defendant cannot be contradicted as to collateral matter brought out on cross examination*: 2 Mill 171; 2 Bail., 466; 33 S. C., 582; 49 S. C., 414; 55 S. C., 32; 76 S. C., 105; 74 S. C., 456; 88 S. C., 127. *Proper to show bias in witness*: 40 Cyc. 2489. *Judge should have charged as to element of malicious intent*: 139 Pac. 474; 151 S. W., 757; 144 Pac. 725.

respondent.

*Messrs. W. E. Bowen, Solicitor,* and *J. Robt. Martin,* for July 5, 1922.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

On the 19th day of January, 1922, the defendant, who is a young married woman, was tried under an indictment

charging her with uttering the following slanderous words against Mrs. Mae Dacus in a quarrel between the defendant and E. M. Gilstrap, the brother of Mrs. Dacus:

"Mae Dacus, the sister of E. M. Gilstrap, Jr., had a child before she was married, and it was a black one, and I can prove it."

The Statute of 1912 (page 775) is as follows:

"Sec. 1. Be it enacted by the General Assembly of the State of South Carolina: Any person who shall with malicious intent originate, utter, or circulate, or publish, any false statement or matter concerning another, the effect of which shall tend to injure such person in his or her character or reputation, shall be deemed guilty of a misdemeanor, and upon conviction therefor, be subject to punishment by fine not to exceed five thousand dollars, or by imprisonment for a term not exceeding one year, or by both fine and imprisonment, in the discretion of the Court.

"Sec. 2. That all Acts or parts of Acts inconsistent with this Act are hereby repealed: *Provided,* That nothing herein shall be construed to abridge any right any person may have by way of an action for damages for libel or slander, or libel under the existing law."

The defendant was convicted and sentenced to pay a fine of $100, or serve 30 days in jail. She appealed upon exceptions which will be reported. They will be considered in their regular order.

First exception: The ruling of his Honor the County Judge as to the admissibility of the testimony in question was free from error, and is so well established that it is not necessary to cite authorities to sustain it.

Second exception: This exception cannot be sustained for the reason that the defendant's attorneys merely objected to the testimony, but failed to specify any grounds. The "specifications of error" set out in the exception were not relied upon as grounds of objection on the trial of the case.

Third exception: This exception cannot be considered for the reason that no ground was specified when a general objection was made.

Fourth exception: The presiding Judge charged all the requests, except the words "and were not done in hot anger or heat of passion." The request as presented was a violation of Section 26, Art. 5, of the Constitution, which provides that "Judges shall not charge juries in respect to matters of fact."

Fifth exception: This exception cannot be sustained for the reason that this is a criminal case, and the parties who were directly interested in it did not have the power to settle it. The solicitor alone had the power to *nol pros* the case.

Sixth exception: This exception will not be considered, as it fails to conform to the requirements of rule V, § 6, of this Court (90 S. E., vii).

Affirmed.

MR. JUSTICE FRASER (dissenting): I think the first and third exceptions should be sustained. I think the first exception should be sustained because the date alleged in the indictment was misleading. I think the third exception should be sustained because the testimony affected the bias of the witness and was competent.

MR. JUSTICE COTHRAN: I concur, but base my concurrence as to the fourth exception, not upon the ground stated by the Chief Justice, which I do not consider tenable, but upon the ground that the trial Judge gave the defendant the full benefit of the request, the same being entirely proper.

MR. JUSTICE MARION concurs in the result.