STATE v. STOKES

(130 S. E., 337)

1. CRIMINAL LAW—SUPREME COURT CANNOT CONSIDER OBJECTIONS TO QUESTIONS PROPOUNDED TO ACCUSED WHEN NOT INTERPOSED AT TRIAL AND RULED UPON BY TRIAL COURT.—Objections to questioning of accused relative to his carrying liquor to various points should have been interposed at trial, since objection to admission of evidence cannot be considered on appeal, unless ruled upon by trial Court.

2. CRIMINAL LAW—TRIAL COURT CANNOT BE CHARGED WITH ERROR OF LAW IN PERMITTING QUESTIONS, WHERE NO OBJECTION WAS MADE THERETO AT TIME OF TRIAL.—Counsel may not, without objection, permit his adversary to propound improper questions and afterwards charge trial Court with error in permitting questions, unless failure of Court *sua sponte* amounts to abuse of sound discretion.

3. CRIMINAL LAW—TRIAL COURT NOT GUILTY OF ABUSE OF DISCRETION BY NOT EXCLUDING SUA SPONTE IMPROPER QUESTIONS TO WHICH CATEGORICAL DENIALS WERE RETURNED.—Where accused returned categorical denials to questions propounded after ruling of Court claimed to render them improper, trial Court *held* not guilty of such an abuse of discretion by not excluding questions *sua sponte* as can be held for reversible error.

4. CRIMINAL LAW—INSTRUCTION NOT OBJECTIONABLE AS NOT STATING THAT GUILT MUST BE PROVED BEYOND A REASONABLE DOUBT.—In prosecution for manufacturing liquor, instruction *held* not objectionable as not stating that facts and circumstances must be proven beyond a reasonable doubt, where no instruction on the point was requested.

5. CRIMINAL LAW—INSTRUCTION TO ACQUIT IF TESTIMONY AS TO ALIBI SUPPORTED BY ALL OTHER EVIDENCE HELD PROPER; "SUPPORT."—Instruction to acquit if defendant's testimony as to alibi was supported by all other evidence and left a reasonable doubt *held* proper, as one meaning of "support" is to keep from failing.

6. CRIMINAL LAW—SUFFICIENCY OF EVIDENCE NOT PROPERLY PRESENTED IN ABSENCE OF MOTION FOR DIRECTED VERDICT OR NEW TRIAL.—No question as to sufficiency of evidence was properly presented for consideration of Supreme Court, where there was no motion for directed verdict or new trial.

Before TOWNSEND, J., Kershaw, June, 1924.   Affirmed.

Walter Stokes was convicted of the unlawful manufacture of alcoholic liquors and he appeals.

*Mr. Mendel L. Smith,* for appellant, cites: *Questions tending to hold accused up as habitual law breaker:* 128 S. E., 109; 128 S. C., 411; 120 S. C., 207; 98 S. C., 114. *Questions conceded to be incompetent repeated:* 128 S. E., 109; 128 S. C., 411; 120 S. C., 207; 98 S. C., 114. *Burden of proving alibi:* 7 S. C., 63; 18 S. C., 514; 24 S. C., 439; 25 S. C., 168; 34 S. C., 41; 36 S. C., 487; 59 S. C., 229; 88 S. C., 79. *Effect of defense of alibi on State's burden of proof:* 18 S. C., 514; 25 S. C., 168; 59 S. C., 229; 70 S. C., 43.

*Mr. A. F. Spigner, Solicitor,* for the respondent

November 17, 1925.

The opinion of the Court was delivered by MR. JUSTICE MARION.

The defendant was convicted "of the unlawful manufacture of alcoholic liquors." His appeal from the judgment of the Circuit Court is based upon exceptions (1) to the admission of certain testimony, (2) to the cross-examination of the defendant by the solicitor, and (3) to the charge of the presiding Judge.

The exceptions (1 and 5, inclusive) which impute error to the trial Court in the admission of certain testimony and in permitting the solicitor to transgress the legitimate limits of the right of cross-examination are based upon that portion of the official record of the trial below which is set out in the case as follows:

"Q. Will you tell me the truth if I ask you a fair question? A. Let's hear the question.

"Q. Ain't you been hanging around this and other stills in Kershaw County for several years—that's been your particular business, hasn't it? A. No, sir.

"Q. Well, a little bit of your business? A. No, sir.

"Q. Well, just a little, tiny, wee bit—just one time? A. No, sir.

"Q. All right, sir. Did you ever carry any liquor to Bethune? A. No, sir.

"Q. How about five gallons? A. No, sir.

"Q. Well, last Saturday night? A. No, sir.

"Q. Saturday night before that? A. No, sir.

"Q. Boontown—ever carry five gallons of liquor there—that is the town? A. No, sir.

"Q. Never carried it there? A. No, sir.

"Q. Saturday night a week ago? A. No, sir.

"Q. How much did you carry? A. I didn't carry any.

"Q. Ever carry any? A. No, sir.

"Q. Ever tote any liquor anywhere—Boontown, Bethune, or anywhere else? A. No more than what I drink.

"Q. Did you ever carry any to your friends?

"Mr. Alexander: Now, your Honor, if he answers that question, he could incriminate other people—ever carry liquor to any one. He doesn't have to answer that question, as it would be incriminating.

"The Court: Yes, sir.

"By the Solicitor: Q. Now your lawyer has raised the point that you don't have to answer on the grounds of incrimination, but ain't you been carrying liquor around this town and Kershaw, Boontown, you don't have to answer it? A. I say I haven't been.

"Q. How about five gallons of liquor? A. I said I haven't been carrying any.

"Q. At any time? A. At any time.

"Q. What did your lawyer raise the point that that would incriminate you.—Take the witness."

It will be observed that the only question to which an objection was interposed by defendant was that which sought to elicit from defendant an answer as to whether he had ever carried any liquor to his friends.

Exceptions 1, 2 and 3 assign error in permitting the Solicitor to ask the questions which preceded that on the ground that the questions were incompetent, irrelevant, and "intended to impress the jury that the defendant was an habitual violator of the prohibition law." If that were a valid ground of objection, it should have been interposed at the trial. Under the well settled rule, an objection, or ground of objection, to the admission of evidence, not ruled upon by the trial Judge, cannot be considered on appeal. We perceive no good reason for waiving that rule in this case, and the exceptions must be overruled. *Allen v. Cooley,* 53 S. C., 80; 30 S. E., 721. *Norris v. Clinkscales,* 59 S. C., 243; 37 S. E., 821. *Smith v. Mills, etc.,* 100 S. C., 120; 84 S. E., 422. *State v. Cooper,* 120 S. C., 280; 113 S. E., 132. *Sloan v. Lee,* 121 S. C., 426; 114 S. E., 408.

Exceptions 3 and 4 are directed to the contention 2, 3 that, after the trial Court had sustained the defendant's objection to the Solicitor's question, "Did you ever carry any to your friends?" the Solicitor's question or questions which followed as to whether defendant had "carried liquor around this town and Kershaw, Boontown," accompanied by a reference to his lawyer's objection "on the grounds of incrimination," and by the advice that he did not "have to answer," were in disregard of the Court's ruling, and amount to an abuse of the privilege of cross-examination.   But, if improper and objectionable upon the ground indicated, an objection to the questions or a motion to strike out or a request in some form for a ruling by the Court should have been made.   Counsel may not sit silently by, permit his adversary to propound improper questions, and afterwards charge the trial Court with error of law in permitting the questions to be asked, unless the failure of the Court *sua sponte* to take notice of the alleged improper questions and exclude them amounts to an abuse of the sound discretion vested in the trial Judge for the purposes of the conduct of a trial.   The objection sustained by the presiding Judge was susceptible of the interpretation that it was based on the ground that an answer to the question objected to would "incriminate other people."   The subsequent questions were denuded of any point directed to the "incrimination of others," and whether the asking of those questions involved any infringement of the Judge's ruling, as he understood and intended it should apply, is by no means clear.   Nor is it clear that the defendant's objection was intended as anything more than a claim of privilege— that he was not bound to answer the question because an answer might tend to incriminate.   The objection and the Court's ruling thereon were apparently so construed by the Solicitor, who proceeded upon the assumption that defendant's privilege of not answering did not bar the asking of the questions.   In that view of the objection and the ruling

it cannot be said that the assumption upon which the Solicitor proceeded was so clearly erroneous as to charge him with knowledge of the impropriety of asking the questions. The privilege of not answering does not make the asking of the question improper, if the testimony sought to be elicited would be admissible but for the privilege claimed. The questions propounded elicited from the defendant categorical denials. We can perceive no sound basis for a conclusion that the trial Court was guilty of such an abuse of discretion as should be held for reversible error. Exceptions 4 and 5 are therefore overruled.

The appellant's next contention (exception 6) is that the Circuit Judge committed prejudicial error in failing to charge that the facts and circumstances relied upon "to support the inference of guilt in a case resting on circumstantial evidence must be established beyond a reasonable doubt." That contention is predicated upon the following portion of Judge Townsend's charge:

"Now, I have told you what direct evidence is. Now the other kind of evidence is indirect or circumstantial evidence. In a case of indirect or circumstantial evidence the State must prove by witnesses the different facts and circumstances from which it asks the jury to infer the guilt of the accused, and the certain facts and circumstances so proven must all point to the guilt of the accused, and must satisfy you of the guilt of the accused beyond a reasonable doubt."

It is argued, in substance, that, when the Judge told the jury that "facts and circumstances must be proved," he should have gone further in that connection, and told them that facts must be proved beyond a reasonable doubt. The objection is, we think, patently hypercritical. In the portion of the charge excepted to, and in other parts of the charge, the jury were clearly instructed that the evidence must satisfy them of the guilt of the defendant beyond a reasonable doubt. In the absence, certainly, of a request

for an instruction upon the point now raised, the exception taken is clearly without merit, and must be overruled.

Appellant's next assignment of error (exception 7) is based upon a portion of the Judge's charge relating to the defense of alibi, which was as follows:

"But if the evidence offered by the defendant should fail to satisfy you that he was in a different place from the place where the crime was committed, when it was committed, and not entitle him to make out the defense of alibi, yet, if the testimony offered by him is supported by all the other evidence in the case, and leaves in your mind a reasonable doubt as to his guilt, it would be your duty to give him the benefit of such doubt and acquit him."

The contention is that the use of the expression "supported by all the other evidence in the case" was such an inaccurate and misleading statement of the law as to the burden of proof resting upon the defendant in making out his defense of alibi as to constitute reversible error. The principles of law applicable are thus well stated by appellant's counsel:

"It is well settled in this State that the defense of an alibi must be established by the accused by such preponderance of the evidence as will satisfy the jury that the charge is not sustained beyond all reasonable doubt. *State v. Watson,* 7 S. C., 63. *State v. Paulk,* 18 S. C., 514. *State v. Bundy,* 24 S. C., 439; 58 Am. Rep., 263. *State v. Nance,* 25 S. C., 168. *State v. Brown,* 34 S. C., 41; 12 S. E., 662. *State v. Jackson,* 36 S. C., 487; 15 S. E., 559; 31 Am. St. Rep., 890. *State v. Anderson,* 59 S. C., 229; 37 S. E., 820. *State v. Latimer,* 88 S. C., 79; 70 S. E., 409. But this rule is subordinate to the cardinal rule in criminal cases that the burden is unshifting on the part of the State to establish every element of the crime charged beyond a reasonable doubt to warrant a legal conviction (*State v. Paulk, supra. State v. Nance,* 25 S. C., 168. *State v. Anderson, supra*), and, if the jury entertain a reasonable doubt on the whole case as

to whether the defendant has etsablished his alibi, the defendant is entitled to it (*State v. Gadsden,* 70 S. C., 430; 50 S. E., 16).

In the light of the foregoing principles giving to the word "support" its ordinary meaning of to "uphold or sustain," it is not necessary that the "testimony offered" by the defendant should "be supported (that is, affirmatively upheld or sustained) by all the other evidence in the case." The purpose of offering such testimony, in so far as raising a reasonable doubt of the defendant's guilt is concerned, might be fully accomplished if the testimony were not overcome or overborne by "all the other evidence in the case." But one of the meanings of the word "support," as given by the lexicographer (Cent. Dict.) is "to keep from failing." In that sense of the word the Judge's charge was:

"If the testimony offered by him is supported (kept from failing) by all the other evidence in the case, and leaves in your mind a reasonable doubt as to his guilt, it would be your duty to give him the benefit of the doubt and acquit him."

We think it is sufficiently clear from the context, certainly when considered in connection with other portions of the charge bearing on reasonable doubt, that the Judge used the word support in the sense indicated. If so, the charge is not open to legitimate criticism; and in no view do we think that the alleged inaccuracy could have misled the jury to the defendant's prejudice. The exception directed to the imputation of reversible error in that particular must therefore be overruled.

The last exception (8) alleges that the evidence "was not sufficient to warrant the conviction," etc.

No motion for a directed verdict or for a new trial upon that or any other ground appears to have been made in the Circuit Court. No question is properly presented for the consideration of this Court, as is virtually, if not

formally, conceded by the failure to argue the exception in appellant's printed points.

All exceptions are overruled, and the judgment of the Circuit Court is affirmed.

MESSRS. JUSTICE WATTS and COTHRAN and MR. ACTING ASSOCIATE JUSTICE R. O. PURDY concur.

MR. CHIEF JUSTICE GARY did not participate.