11910

## STATE v. DESCHAMPS

### (131 S. E., 420)

CRIMINAL LAW—TRIAL JUDGE HELD NOT TO HAVE ABUSED DISCRETION IN REFUSING NEW TRIAL WHERE EVIDENCE WAS CUMULATIVE.—New trial is in large measure addressed to discretion of trial Judge, and where evidence was not new, but cumulative, and could not have changed result at trial, it was not made to appear that trial Judge had abused his discretion in refusing new trial.

Before WILSON, J., Sumter, July, 1924.   Affirmed.

J. M. DesChamps was indicted for malicious mischief and was found guilty.   From an order setting aside the verdict, the State appealed and the order was reversed (126 S. C., 416), and the case remanded for resentence. Subsequently the defendant made a motion for a new trial on after-discovered evidence.   From the order refusing the motion and from the original trial, the defendant appeals.

*Messrs. W. C. Davis* and *Harby, Nash & Hodges,* for appellant cite: *Judge erred in charge as to burden of proof on the prosecution:* 25 S. C., 168; 88 S. C., 79; 106 S. C., 279.

*Messrs. F. A. McLeod, Solicitor,* and *Epps & Levy,* for respondent, cite: *Alibi is affirmative defense and must be proved:* 88 S. C., 79; 59 S. C., 229; 36 S. C., 487; 29 S. C., 4; 34 S. C., 41; 25 S. C., 168; 24 S. C., 439.

January 28, 1926.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

"This case was tried before his Honor, Judge J. W. De-Vore, and a jury on the 9th day of October, 1922.   The defendant was indicted for malicious mischief, the specific charge being that he injured the land of one Paul B. Hodge by throwing the live nuts of nut grass thereon.   The de-

fendant was found guilty by the jury, but upon motion his Honor, Judge DeVore, granted a new trial, from which the State appealed. Upon appeal (126 S. C., 416; 120 S. E., 491) the Supreme Court held the trial Judge in error in ordering a new trial, and remanded the case for sentence. Pending the imposition of the judgment and sentence of the Court, the defendant moved for a new trial before his Honor, Judge John S. Wilson, upon affidavits set out herein, which was refused. The defendant served the following notice of appeal."

The exceptions are two in number. The first exception alleges error on the part of his Honor, Judge DeVore, in his charge to the jury. This exception is without merit under the cases of *State v. Bundy,* 24 S. C., 439; 58 Am. Rep., 263. *State v. Nance,* 25 S. C., 168. *State v. Welsh,* 29 S. C., 4; 6 S. E., 894. *State v. Jackson,* 36 S. C., 487; 15 S. E., 559; 31 Am. St. Rep., 890; and *State v. Anderson,* 59 S. C., 229; 37 S. E., 820.

The second exception complains that his Honor, Judge Wilson, was in error in not granting a new trial as asked for by the defendant. This was in a large measure addressed to the discretion of his Honor, and it is certainly not made to appear that he abused his discretion.

The evidence is not new evidence, but cumulative, and could not have changed the result of the trial because the affidavits submitted were either contradicted by the other affidavits from the same parties or the affidavits were cumulative and similar to much other evidence of like nature given by the witnesses in the trial of the cause.

All exceptions are overruled, and judgment affirmed.

MR. JUSTICE COTHRAN and MESSRS. ACTING ASSOCIATE JUSTICES R. O. PURDY and C. J. RAMAGE concur.

MR. CHIEF JUSTICE GARY did not participate.

MR. JUSTICE COTHRAN (concurring): I feel constrained by the cases of *State v. Nance,* 25 S. C., 168. *State v. Jackson,* 36 S. C., 487; 15 S. E., 559; 31 Am. St. Rep., 890.

*State v. Anderson,* 59 S. C., 229; 37 S. E., 820. *State v. Gadsden,* 70 S. C., 430; 50 S. E., 16. *State v. Latimer,* 88 S. C., 79; 70 S. E., 409. *State v. Bundy,* 24 S. C., 439; 58 Am. Rep., 263, and *State v. Paulk,* 18 S. C., 514, to concur in the opinion of Mr. Justice Watts, although I must say that if it were an open question I would take the contrary view.

I think that there is a very great difference between what are denominated the "affirmative defenses" of insanity and alibi. Unquestionably, as the law presumes the sanity of a defendant who is shown by the evidence and admitted by him to have committed a crime, the burden is cast upon him to prove by the preponderance of the evidence the special plea of insanity, which he is required to interpose upon his arraignment subject to the companion rule that if upon the whole case the jury should entertain a reasonable doubt of his legal guilt, they must acquit.

But it seems to me that the so-called "affirmative defense" of alibi is not an affirmative defense at all. It is simply evidence adduced by the defendant to sustain his plea of not guilty; that he did not commit the crime for the reason that he was not at the scene of the crime at the time of the occurrence. The burden was upon the State to prove beyond a reasonable doubt that the defendant was present at the scene of the crime and actually committed it. If the defendant offers evidence which generates a reasonable doubt in the minds of the jury that he was at the scene of the crime when it was committed, which, of course, would result from evenly balanced evidence upon this point, he should be acquitted.

In 16 C. J., 533, it is said:

"Nor is the burden resting on the State shifted by insisting erroneously that the accused is interposing the defense of alibi, and although defendant, where the case is otherwise made out against him, is bound to offer some evidence in support of his alibi, the State in all cases where

his presence at the time and place of the crime is necessary to render him responsible, must prove that he was there, as a part of the case; and if from all the evidence there exists a reasonable doubt of his presence, he should be acquitted."

In *State v. Grice,* 106 S. C., 279; 91 S. E., 383, the Court said: "The alibi was merely a means of disproving the charge"—not an affirmative defense, but a negation of the State's case.

In *State v. McDaniel,* 68 S. C., 304; 47 S. E., 384; 102 Am. St. Rep., 661, it was held error to charge that the defense of accidental killing had to be established by the preponderance of the evidence. I cannot see that the defense that the defendant was elsewhere when the crime was committed is any more an affirmative defense than that the admitted killing was accidental. I really think that it was less so.

I think that there is a very great doubt as to the contention of the State that the presiding Judge in his general charge was sufficiently explicit as to the duty of the State in establishing the guilt of the defendant beyond a reasonable doubt, as applied to the "affirmative defense" of alibi. He did not specifically apply that principle when he went to charge upon alibi, and the jury may well have considered that he did not mean for it to apply in such a case. His charge conveyed the idea that, regardless of the rule he had correctly stated, when the defendant set up an affirmative defense and failed to establish it by the preponderance of the evidence (which, of course, would result from the even balancing of the evidence upon this point), they should repudiate his affirmative defense and convict him.