11965

### STATE v. CHANCEY

(132 S. E., 824)

CRIMINAL LAW—INSTRUCTION THAT ALIBI IS AFFIRMATIVE DEFENSE REQUIRING PREPONDERANCE OF EVIDENCE BY DEFENDANT, ALTHOUGH CORRECT, NECESSITATES FURTHER CHARGE THAT RULE IS SUBORDINATE TO RULE THAT STATE HAS BURDEN TO ESTABLISH CRIME BEYOND REASONABLE DOUBT, AND, IF JURY ENTERTAINED REASONABLE DOUBT ON WHOLE CASE AS TO ALIBI, DEFENDANT IS ENTITLED TO IT.—In liquor prosecution, charge that alibi is affirmative defense, to be established by defendant by preponderance of evidence, although correct, necessitates further instruction that rule is subordinate to cardinal rule in criminal cases that State has burden to establish crime charged beyond reasonable doubt to warrant conviction, and that, if jury entertained reasonable doubt on whole case as to whether alibi has been established, defendant is entitled to it.

Before FEATHERSTONE, J., Chester, October, 1925. Reversed and remanded for a new trial.

J. W. Chancey was convicted of the sale of whiskey, and of storing and keeping in possession whiskey for unlawful use, and he appeals.

*Messrs. Hemphill & Hemphill, and David Hamilton* for appellant, cite: *Judges to declare law only:* Const. of 1895, Art. V., Sec. 26. *Burden on State to establish guilt beyond reasonable doubt even in case of alibi:* 130 S. E., 337. *After-discovered evidence material in nature ground for new trial:* 127 S. C., 340; 121 S. E., 265.

*Messrs. J. Lyles Glenn, Jr., Solicitor* and *A. H. Macaulay* for respondent, cite: *Testimony of other sales of liquor properly admitted:* 61 S. C., 17; 61 S. C., 13. *"Reasonable doubt" defined:* 91 S. C., 564; 91 S. C., 234. *Burden of proving alibi:* 29 S. C., 6. *Testimony of stranger-witness may be supported evidence of general character:* 116 S. C.,

NOTE: Proof of alibi by defendant beyond a reasonable doubt, see note in 41 L. R. A., 530.

165; 107 S. E., 250. *Order of admission of relevant testimony matter of discretion:* 23 S. C., 602; 16 S. C., 378. *Attack on truth of testimony tantamount to attack on character of witness:* 116 S. C., 165; 107. S. E., 250; 1 Greenleaf on Ev., 469. *Granting of new trial on affidavits of after-discovered testimony matter of discretion:* 126 S. E., 760; 127 S. C., 227.

April 26, 1926.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Indictment containing two counts: (1) A sale of whiskey; (2) storing and keeping in possession whiskey for unlawful use. Verdict "guilty": sentence, imprisonment in the penitentiary for 15 months, 5 of which were suspended during good behavior.

We shall consider only the exception which assigns error to the presiding Judge in not fully charging the law of alibi.

Speaking for himself alone, the writer of this opinion has an abiding confidence that sooner or later the Court will recede from the oft-expressed statement that alibi is an affirmative defense, and that the preponderance of the evidence must be established by the defendant upon this defense. See concurring opinion in the case of *State v. DesChamps,* 134 S. C., 179; 131 S. E., 420.

Bowing to the present attitude of the Court, I am convinced that the presiding Judge did not follow the law as laid down in the case of *State v. Stokes,* 133 S. C., 130 S. E., 337, in that he should have charged, along with the statement referred to, in the language of the *Stokes case:*

"But this rule is subordinate to the cardinal rule in criminal cases that the burden is unshifting in the part of the State to establish every element of the crime charged beyond a reasonable doubt to warrant a conviction * * * and, if

the jury entertain a reasonable doubt on the whole case as to whether the defendant has established his alibi, the defendant is entitled to it."

The judgment of this Court is that the judgment of the Circuit Court be reversed, and that the case be remanded to that Court for a new trial.

MESSRS. JUSTICES WATTS, BLEASE and STABLER concur.

MR. CHIEF JUSTICE GARY did not participate.

MR. JUSTICE BLEASE: I agree with the opinion of Mr. Justice Cothran, but I feel that in justice to Judge Featherstone, who tried the case, that attention should be called to the fact that the trial was had, as it appears from the record, prior to the announcement of the decision in the case of *State v. Stokes,* cited in Mr. Justice Cothran's opinion.