STATE v. ATKINS.

1. CRIMINAL LAW—CHARGE—ALIBI.—Where a defendant offers no testimony, it is error for the Judge to say in his charge that the defendant sets up the defense of an *alibi.*
2. IBID.—ALIBI—BURDEN OF PROOF.—Where a defendant puts up no testimony, but relies on the State's witnesses to prove an *alibi,* the burden of proving it is not on him.
3. CHARGE.—A Judge cannot state the testimony in his charge.

Before            , J., Abbeville, January, 1897.   Reversed.

Indictment against Wade Atkins for assault and battery with intent to kill.

The presiding Judge charged the jury as follows:

This case against the defendant is for assault and battery with intent to kill.  To convict one .of assault and battery with intent to kill, the facts and circumstances attending the assault must have been such that it would have been murder had Mr. Perrin died, then in that case you could find a verdict of assault and battery with intent to kill. Now you are responsible for the facts in all cases, and the Court is responsible for the law, and the new Constitution of the State has so prescribed that the Judge cannot mention the facts, but can only declare the law.  The plea of the defendant is "not guilty," and he sets up an *alibi.*  An *alibi* means that he was at some place other than where the crime was committed at that time, and, therefore, could not have committed the crime charged.  Now, in order to determine the question of *alibi,* you must consider all of the statements in the case—all of the evidence.  You must consider the statement of Mr. Perrin, who testified that a few minutes before the assault was made, he looked out of the window of his house and saw the defendant walking away from the window; and you will also consider the statement of the step-daughter, who says that he was in his house one hour before he was called.  Now, you will first determine whether or not the defendant was at Mr. Perrin's window

a few minutes before he was struck, or was he at his house
at that time. If he was at his own house at the time of the
assault, then he could not have been at Mr. Perrin's house.
If he has established the fact that he was at some place
other than where the crime was committed, then it would
have been impossible for him to have been there at that
time. So you will decide that question, whether or not he
was at Mr. Perrin's house at the time he was struck, or a
few minutes before, or was he at his own house at that time.
If he was at his own house, then he could not have com-
mitted that assault and battery upon Mr. Perrin. Now, if
you are satisfied, beyond a reasonable doubt, that the de-
fendant is guilty, you will say "guilty." If you have a
reasonable doubt of his guilt, you will say "not guilty."
You may find one of four verdicts: "guilty," "guilty of as-
sault and battery of a high and aggravated nature," "guilty
of a simple assault," or "not guilty." Take the record.

*Messrs. Graydon & Graydon*, for appellant, cite: 47 S.
C., 488.

*Solicitor Ansel*, contra, oral argument.

July 1, 1897. The opinion of the Court was delivered by

MR. JUSTICE POPE. The defendant, Wade Atkins, was
tried and convicted of assault and battery with intent to kill
at the January term, 1897, of the Court of General Sessions
for Abbeville County, and after sentence appealed to this
Court on five grounds, viz: 1. Because his Honor erred in
charging the jury that defendant had set up an *alibi.* 2.
Because his Honor erred in stating the testimony to the
jury. 3. Because his Honor erred in commenting upon the
facts of the case when he made the following statements in
his charge: "You must consider the statement of Mr. Perrin,
who testified that a few minutes before this assault was
made, he looked out of the window of his house and saw
the defendant walking away from the window; and you will
also consider the statement of the step-daughter, who says

that he was in his house an hour before he was called." 4.
Because his Honor erred in charging upon the facts of the
case by stating the testimony and calling the attention of the
jury to particular statements made by the witnesses, thus em-
phasizing certain parts of the testimony and clearly indicat-
ing his opinion of the facts testified to by the witnesses. 5.
Because his Honor erred in casting the burden of proving
an *alibi* upon the defendant, when the testimony offered by
the State tended to make out an *alibi* for the defendant.

The report of the case must embody the charge of the
trial Judge.

In disposing of the first and fifth grounds of appeal, it is
proper to state that the defendant offered no testimony
whatever, contenting himself with the plea of not
guilty. Notwithstanding this state of facts, the Cir-
cuit Judge, in his charge to the jury, stated that the
defendant set up the defense of an *alibi*. This was an
error. It follows that it was an error also to cast the
burden of proving such *alibi* upon the defendant.
Both of these exceptions are sustained.

We will next consider the second, third, and fourth ex-
ceptions. The error of the Circuit Judge is so patent and
pointed that no words on our part are necessary to
make it plain. If the provision of our new Consti-
tution prohibiting judges charging upon the facts
permits a Circuit Judge to indulge in such references to the
testimony in his charge to the jury as pointed out in these
exceptions, it would soon become a pretense. These excep-
tions are sustained.

It is the judgment of this Court, that the judgment of
the Circuit Court be reversed, and the cause remanded to
the Circuit Court for a new trial.

Justices Gary and Jones concur in result.