679 S.E.2d 542

The STATE, Respondent,

v.

James F. RUSSELL, Appellant.

No. 4546.

Court of Appeals of South Carolina.

Heard March 17, 2009.

Decided May 18, 2009.

Appellate Defender M. Celia Robinson, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General William M. Blitch, Jr., all of Columbia;  and Solicitor Robert Mills Ariail, of Greenville, for Respondent.

KONDUROS, J.:

James F. Russell appeals his conviction for first-degree criminal sexual conduct (CSC) with a minor. He argues the circuit court erred in admitting the victim's (Child) prior consistent statement pursuant to section 17–23–175 of the South Carolina Code (Supp.2008), because it improperly bolstered Child's testimony and because its probative value was substantially outweighed by its prejudicial impact. We affirm.

## FACTS

On the evening of July 10, 2005, Russell attended a party at the home of Child's mother (Mother). Unable to sleep because of noise from the party, Child, who was six years old, got up from his bed and followed Russell outside. Russell led Child to a covered picnic table on one side of the back yard. According to Child, Russell told Child not to tell Mother, and then he pulled Child's pants down and placed his mouth on Child's genitals. Child stated when Russell pulled Child's hand toward Russell's genitals, Child slipped out of Russell's grasp, pulled up his pants, and ran to Mother. Child told Mother about the incident.

Later, an altercation arose between Russell and a friend of Mother's boyfriend, and police were called.[1] Seeing the police cars, Child's grandmother (Grandmother) walked to Mother's house to investigate and translated sign language for the officers. According to Grandmother, Russell was present and repeatedly told her he had not done anything to Child. At the time, she did not know what he meant. On July 13, 2005, Mother reported the sexual assault to police.

On August 4, 2005, Russell was arrested for CSC. At trial, the State presented Child and the investigators who interviewed him. At the end of its case, the State played a videotape of Child's interview with a counselor. Russell objected to introduction of the videotape at the end of the State's case as violative of his Sixth Amendment right to confrontation and as unfairly prejudicial and cumulative to other testimony. The circuit court admitted the tape, and Russell was

---

1. Child's and Grandmother's testimony suggested this altercation occurred later the same evening. However, police dispatch records indicated it likely occurred two nights later, on July 12, 2005.

convicted and sentenced to thirty years' imprisonment. This appeal followed.

## STANDARD OF REVIEW

The admission or exclusion of evidence is within the sound discretion of the trial court and will not be disturbed on appeal absent a manifest abuse of discretion accompanied by probable prejudice. *State v. Wise*, 359 S.C. 14, 21, 596 S.E.2d 475, 478 (2004).

## LAW/ANALYSIS

### I. Improper Bolstering

■ Russell contends the circuit court erred in admitting Child's videotaped interview because the statements contained in the tape constituted a prior consistent statement that improperly bolstered Child's testimony. We disagree.

Section 17–23–175(A) of the South Carolina Code (Supp. 2008) permits the admission of out-of-court statements by child sexual abuse victims when the following conditions are met:

(1) the statement was given in response to questioning conducted during an investigative interview of the child;

(2) an audio and visual recording of the statement is preserved on film, videotape, or other electronic means ...;

(3) the child testifies at the proceeding and is subject to cross-examination on the elements of the offense and the making of the out-of-court statement; and

(4) the court finds, in a hearing conducted outside the presence of the jury, that the totality of the circumstances surrounding the making of the statement provides particularized guarantees of the trustworthiness.

■ Russell is correct that the admission of the videotape would likely be error in absence of the statute. Generally, a prior consistent statement is not admissible unless the witness is charged with recent fabrication or improper motive or influence. Rule 801(d)(1)(B), SCRE; *State v. Saltz*, 346 S.C. 114, 123–24, 551 S.E.2d 240, 245 (2001). In CSC cases, such hearsay statements are admissible, but only to the extent they

are limited to the time and place of the assault. *State v. Barrett,* 299 S.C. 485, 486–87, 386 S.E.2d 242, 243 (1989); *State v. Jolly,* 304 S.C. 34, 37, 402 S.E.2d 895, 897 (Ct.App. 1991).

However, in this case, the legislature has made a specific allowance for these out-of-court statements by child victims provided certain elements are met. In this case, Russell does not argue the requirements were not met. In essence, Russell argues the statute itself, under any circumstances, permits improper corroboration or bolstering in conflict with the South Carolina Rules of Evidence.[2] However, the South Carolina Rules of Evidence expressly acknowledge the superiority of statutes in such cases: *"Except as otherwise provided by rule or by statute,* [the South Carolina Rules of Evidence] govern proceedings in the courts of South Carolina...." Rule 101, SCRE (emphasis added). Therefore, Russell's argument, although well-made, must fail.

## II. Prejudicial Versus Probative Analysis

■ Russell contends Child's videotaped interview was improperly admitted because its probative value was significantly outweighed by its prejudicial effect. We disagree.

■ The State suggests Russell's argument is not properly preserved. At trial, Russell argued the videotape lacked probative value because it was cumulative of Child's trial testimony. On appeal, Russell also argues the videotape is prejudicial because Child is seen drawing a card for his mother and "playfully interacting with the counselor," thereby stirring the emotions of the jurors. We find Russell's argument regarding Child's interaction with the counselor is not preserved for our review. *See State v. Freiburger,* 366 S.C.

---

2. At oral argument, Russell attempted to ground his improper bolstering argument in the constitutional protections afforded by the Sixth Amendment of the United States Constitution. However, no constitutional argument was raised in Russell's appellate brief. The issue is therefore not preserved for our review. *See* Rule 208(b)(1)(B), SCACR ("Ordinarily, no point will be considered which is not set forth in the statement of issues on appeal."); *S.C. Dep't of Soc. Servs. v. Basnight,* 346 S.C. 241, 250, 551 S.E.2d 274, 278 (Ct.App.2001) ("An appellant may not use oral argument as a vehicle to argue issues not argued in the appellant's brief.").

125, 134, 620 S.E.2d 737, 741 (2005) (holding an issue is not preserved when one ground is raised to the trial court and another ground raised on appeal). Furthermore, while the videotape of Child's interview may have been cumulative to his testimony at trial, it was highly probative to the question of Russell's guilt or innocence. Therefore, we find any prejudice to Russell was outweighed by the probative value of the videotape.

Based on the foregoing, the ruling of the circuit court is

**AFFIRMED.**

HUFF and WILLIAMS, JJ., concur.