THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Donna Marie
 Buie, Appellant.
 
 
 

Appeal From Darlington County
J. Michael Baxley, Circuit Court Judge

Unpublished Opinion No.  2012-UP-193 
 Heard February 28, 2012  File March 21,
2012

AFFIRMED

 
 
 
 Appellate Defender Elizabeth A.
 Franklin-Best, of Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, and Assistant Attorney General Harold M. Coombs, Jr., all of Columbia,
 for Respondent.
 
 
 

PER CURIAM: Appellant, Donna Marie Buie, was indicted
 for and convicted of two counts of unlawful conduct toward a child.  The trial
 court sentenced Buie to ten years imprisonment, concurrent, on each charge. 
 Buie appeals, asserting error in (1) the trial court's qualification of a
 forensic interviewer as an expert and (2) the admission of a recording of a
 forensic interview.  We affirm pursuant to Rule 220(b)(1), SCACR, and the
 following authorities:  ISSUE I:  State
 v. Douglas, 380 S.C. 499, 502-03, 671
 S.E.2d 606, 608-09 (2009) (holding even where testimony given by forensic
 interviewer was not required to be presented by an expert witness, appellant suffered
 no prejudice either as a result of forensic interviewer's testimony or by her
 qualification as an expert); State v. Byers, 392 S.C. 438, 444, 710
 S.E.2d 55, 58 (2011) (holding unless an objection is made at the time evidence
 is offered, and with sufficient specificity to inform the trial court of the
 point being urged by the objector, the issue is not preserved for review); State
 v. Freiburger, 366 S.C. 125, 134, 620 S.E.2d 737, 741 (2005) (finding an
 argument advanced on appeal but not raised and ruled on below was not preserved
 for review); ISSUE II:  State v. Russell, 383 S.C. 447,450-51, 679 S.E.2d 542, 543-44 (Ct. App. 2009) (holding where appellant asserted error
 in admission of a videotape of an interview of a child sexual abuse victim
 pursuant to section 17-23-175 of the South Carolina Code (Supp. 2011) because the
 statements contained in the tape constituted a prior consistent statement that
 improperly bolstered the child's testimony, the admission was proper,
 notwithstanding the fact that "admission of the videotape would likely
 [have been] error in absence of the statute," because our legislature has
 made specific allowance for these out-of-court statements by child victims and
 the Rules of Evidence expressly acknowledge the superiority of statutes in such
 cases).
AFFIRMED.
FEW, C.J., and
 HUFF and SHORT, JJ., concur.