763 S.E.2d 603

**The STATE, Respondent,**

v.

**Jefferson PERRY, Appellant.**

**Appellate Case No. 2012–211430.**

**No. 5257.**

Court of Appeals of South Carolina.

Heard March 4, 2014.

Decided Aug. 6, 2014.

Rehearing Denied Oct. 23, 2014.

Certiorari Denied Feb. 4, 2015.

---

Appellate Defender Robert M. Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General William M. Blitch, Jr., both of Columbia, for Respondent.

GEATHERS, J.

Appellant Jefferson Perry was convicted of committing a lewd act on a minor. Appellant challenges his conviction, arguing the trial court erred in: (1) charging the jury that time is not a material element of committing a lewd act on a minor; and (2) admitting into evidence a DVD recording of the minor victim's two interviews with a forensic examiner. We affirm.

**FACTS/PROCEDURAL HISTORY**

During the week of Christmas 2007, Victim, who was nine years old, stayed with her father, a few relatives, and family friends at her uncle's mobile home in Inman, South Carolina. At some point during the week, Appellant and his cousin, Brad, slept overnight at the mobile home. Victim returned to

the home she shared with her mother and stepfather in early January 2008. Later that month, Victim disclosed to her mother that Appellant had touched her inappropriately one night while she was sleeping at the mobile home.

As a part of the subsequent police investigation, Victim twice interviewed with forensic interviewer Wiley Garrett at the Children's Advocacy Center in Spartanburg, South Carolina. During the first interview, on February 7, 2008, Victim disclosed that she was sleeping on her uncle's living room floor when she awoke to find Appellant with his hand down her pants. According to Victim, the alleged incident occurred "after my Daddy Jimmy's birthday and Christmas." Victim indicated that at the time of the alleged incident, her cousin, Brittany, who was also staying at the mobile home, had recently given birth to a baby boy. At the second interview, on February 14, 2008, Victim made a similar disclosure of sexual touching. Victim, however, did not identify Brittany as one of the individuals present in the mobile home at the time of the alleged incident.

The grand jury indicted Appellant on one charge of committing or attempting to commit a lewd act on a child under the age of sixteen.[1] The case proceeded to trial on April 10–12, 2012. At the start of trial, the trial court held an in camera hearing to determine the admissibility of a DVD recording of both forensic interviews. During the in camera hearing, Garrett provided a detailed description of his approach to questioning a child who may have been sexually abused. Following Garrett's testimony, the recording was played for the court. Defense counsel objected to the admission of the recording on the ground that it would bolster Victim's testimony. The trial court determined the recording was admissible under section 17–23–175 of the South Carolina Code (2003), which allows the admission of out-of-court statements by a child under the age of twelve when certain requirements are met.

Victim, who was thirteen years old at the time of trial, testified in detail concerning the alleged incident. She assert-

---

1. Appellant was indicted pursuant to section 16–15–140 of the South Carolina Code (2003), which was repealed on June 18, 2012 by 2012 Act No. 255 § 14.

ed the alleged incident occurred on December 29, 2007. When questioned by the solicitor how she knew the exact date, Victim replied that the alleged incident happened "a day or two before" her father's birthday on December 31. Victim identified several people who were present at the mobile home on the night of the alleged incident. She stated: "It was me, [my uncle] Bryan, [my cousin] Bryanne, my dad, my Nana, my dad's girlfriend, and [my cousin] Paul."

Victim's mother, Stacy Gregory, testified Victim had a scheduled visitation with her father during the week of Christmas 2007. Gregory stated she picked Victim up from the mobile home sometime around New Year's Day 2008. According to Gregory, on January 29, 2008, Victim disclosed that Appellant had inappropriately touched her.

The State also presented the testimony of Wiley Garrett, who was qualified as an expert in forensic interviewing. Garrett testified he conducted two fact-finding interviews with Victim and one joint interview with Victim's mother and stepfather. The trial court admitted into evidence the DVD recording of Garrett's two forensic interviews with Victim, which was played for the jury. On cross-examination, Garrett confirmed that during one of the interviews Victim told him "Brittany [who] . . . just had a baby" was present in the mobile home on the night of the alleged incident.

Appellant testified he stayed at the mobile home "only once." Although Appellant could not recall the exact date he spent the night at the mobile home, he indicated it was a few days after Brittany had her baby. Appellant admitted that he had about four or five beers that night; however, he denied he was drunk. Appellant adamantly denied touching Victim inappropriately.

Appellant's cousin, Elizabeth Blackwell, testified she was in a relationship with Victim's uncle and had previously invited Appellant to stay at the mobile home. According to Blackwell, Victim and Appellant were present in the mobile home at the same time on only one occasion. Blackwell claimed that on this occasion her daughter, Brittany, was also present in the mobile home, along with Brittany's then-newborn son. Blackwell indicated her grandson was born in early January 2008. Brittany corroborated Blackwell's testimony regarding the

timeframe. Additionally, Brittany presented her son's birth certificate, which was admitted into evidence.

After the completion of testimony, defense counsel moved for a directed verdict, arguing that it was impossible for the incident to have occurred on either of the dates listed on the indictment.[2] Specifically, defense counsel pointed to the fact that Brittany's son was born in early January 2008. The State countered that the only contradictory evidence concerned whether Appellant touched Victim. Additionally, the State argued the case did not involve a time-specific incident. In response, defense counsel noted that Victim stated in one of the forensic interviews that Brittany had already had her baby at the time of the alleged incident. The trial court denied defense counsel's motion, reasoning the timing issue went to Victim's credibility.

During the charge conference, the State requested the trial court instruct the jury that time is not a material element of the offense of committing a lewd act on a minor. Defense counsel objected to the requested instruction and engaged in the following colloquy with the trial court:

Mr. Hall: [W]e have a specific date alleged. They presented it several times. The child testified, if I'm not mistaken, that it occurred the weekend before my daddy's birthday. Daddy's birthday was [December 31st]. Very specific and I think to do that is giving, carving out another special consideration for a child victim that cuts in the rights of my client. So, Your Honor, I would oppose that.

The Court: I will charge it, but you know that the other interesting wrinkle about this particular issue is that the mother, Mrs. Gregory, testified that she picked up, [Victim], on New Year[']s Day. So—.

Mr. Hall: That—picked [Victim] up, yes, sir.

The Court: Right. Which is before Brittany had her baby.

Mr. Hall: This—yes, sir, that's another thing that I believe, on my side, is physically impossible for it to have happened beforehand, yes, sir.

The Court: Well, that's your argument to the jury.

---

2. The indictment listed the lewd conduct as occurring "between the dates of" December 29 and December 30, 2007.

Thereafter, the trial court gave the requested instruction. The trial court also charged the jury on its duty to consider the credibility and believability of the witnesses.

The jury ultimately found Appellant guilty of committing a lewd act on a minor. Defense counsel moved for a new trial. The trial court denied the motion and sentenced Appellant to five years' imprisonment, suspended on the service of three years' probation. The trial court also required Appellant to enroll in the registry of child abuse and neglect, and to enroll in sex offender counseling. This appeal followed.

## ISSUES ON APPEAL

1. Did the trial court err in charging the jury that time is not a material element of committing a lewd act on a minor?

2. Did the trial court err in admitting into evidence a DVD recording of Victim's two interviews with the forensic examiner?

## LAW/ANALYSIS

### I. Jury Charge

Appellant contends the trial court erred in charging the jury that time is not a material element of the offense of committing a lewd act on a minor because he centered his defense strategy on attacking inconsistencies in the evidence regarding the timing of the alleged incident. He further argues the charge was "gratuitous" and "unfairly prejudicial." We disagree.

"'In reviewing jury charges for error, we must consider the court's jury charge as a whole in light of the evidence and issues presented at trial.'" *State v. Mattison,* 388 S.C. 469, 478, 697 S.E.2d 578, 583 (2010) (quoting *State v. Adkins,* 353 S.C. 312, 318, 577 S.E.2d 460, 463 (Ct.App.2003)). "'A jury charge is correct if, when the charge is read as a whole, it contains the correct definition and adequately covers the law.'" *Id.* (quoting *Adkins,* 353 S.C. at 318, 577 S.E.2d at 464). "A jury charge that is substantially correct and covers the law does not require reversal." *Id.*

"The trial court is required to charge only the current and correct law of South Carolina." *Id.* at 479, 697 S.E.2d at 583. "'The law to be charged must be determined

from the evidence presented at trial.'" *Id.* (quoting *State v. Knoten,* 347 S.C. 296, 302, 555 S.E.2d 391, 394 (2001)). "'A request to charge a correct statement of the law on an issue raised by the indictment and the evidence presented at trial should not be refused.'" *Id.* (quoting *State v. Austin,* 299 S.C. 456, 458, 385 S.E.2d 830, 831 (1989)).

In support of his argument that the trial court erred in instructing the jury that time is not a material element of committing a lewd act on a minor, Appellant cites to *State v. Jones,* 343 S.C. 562, 541 S.E.2d 813 (2001). The trial court in *Jones* indicated during a charge conference that it would charge the jury that reasonable doubt meant a doubt which would cause a reasonable person to hesitate to act. 343 S.C. at 576, 541 S.E.2d at 820. Defense counsel specifically incorporated the "hesitate to act" language in his closing argument, telling the jury that "when you go through this testimony and this evidence in this case, you're gonna hesitate." *Id.* at 576–77, 541 S.E.2d at 820–21. The trial court subsequently, upon request from the solicitor, removed the "hesitate to act" language from the jury charge. *Id.* at 577, 541 S.E.2d at 821. On appeal, our supreme court found: "Appellant *reasonably relied* upon the judge's representation that he intended to give that charge to the jury. The decision to alter the charge, *after the argument,* was fundamentally unfair." *Id.* at 578, 541 S.E.2d at 821 (emphases added). Thus, *Jones* requires a defendant to reasonably rely on the trial court's ruling to his or her detriment in order for a subsequent change to impact the fundamental fairness of the defendant's trial.

In the instant case, the trial court made its ruling at the charge conference before closing arguments. Appellant does not contend his strategy of pointing out the inconsistent evidence concerning the timing of the alleged offense was made in reliance on any prior ruling by the trial court. Because Appellant does not argue that an altered ruling impaired his trial strategy, we find Appellant's reliance on *Jones* is misplaced.

Additionally, we find the trial court's charge adequately covered the law and was consistent with our existing jurisprudence. The crime of committing or attempting a lewd act on a minor is set forth in section 16–15–140 as follows:

It is unlawful for a person over the age of fourteen years to willfully and lewdly commit or attempt a lewd or lascivious act upon or with the body, or its parts, of a child under the age of sixteen years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of the person or of the child.

In *State v. Tumbleston*, 376 S.C. 90, 100–01, 654 S.E.2d 849, 854–55 (Ct.App.2007), this court interpreted section 16–15–140 as a part of its evaluation of the sufficiency of an indictment charging the defendant with committing a lewd act on a minor. The appellant argued the indictment was insufficient because it did not allege the specific time of the offense charged. *Id.* at 94, 654 S.E.2d at 851. In reviewing the indictment, the *Tumbleston* court noted that where an indictment allegedly includes an overbroad period, the court must examine whether time is a material element of the offense. *Id.* at 98, 654 S.E.2d at 853. Consequently, as a part of its analysis, the *Tumbleston* court interpreted section 16–15–140 and concluded "[t]ime is not a material element of ... committing a lewd act on a minor." *Id.* at 101, 654 S.E.2d at 855. Thus, the *Tumbleston* court recognized section 16–15–140 does not have a specificity requirement as to the timing of the offense of committing a lewd act on a minor.[3] *See United States v. Stuckey*, 220 F.3d 976, 982 (8th Cir.2000) ("Time is not a material element of a criminal offense *unless made so by the statute creating the offense.*" (emphasis added)).

The dissent correctly notes that *Tumbleston* is distinguishable from the instant case because it focused solely on the issue of the sufficiency of an indictment.

---

3. The absence of a specificity requirement in section 16–15–140 is consistent with our legislature's recognition of the special nature of sexual offenses. *State v. Rayfield*, 369 S.C. 106, 117, 631 S.E.2d 244, 250 (2006) ("In enacting [section 16–3–657, which provides the testimony of a victim need not be corroborated in criminal sexual conduct cases], the Legislature recognized that crimes involving criminal sexual conduct fall within a unique category of offenses against the person. In many cases, the only witnesses to a rape or sexual assault are the perpetrator and the victim. An investigation may or may not reveal physical or forensic evidence identifying a particular perpetrator."). Where the victim is a child, such cases often involve continued offenses over an extended period of time or, as in this case, are not reported until sometime after their commission. Thus, a specificity requirement would serve to prevent many prosecutions in child sexual abuse cases.

However, the *Tumbleston* court's interpretation of section 16–15–140 is pertinent to the instant matter because the determination of whether a jury charge is proper centers on whether the charge, read as a whole, "contains the correct definition and adequately covers the law." *Mattison*, 388 S.C. at 478, 697 S.E.2d at 583 ("A jury charge that is substantially correct and covers the law does not require reversal.").

We further note the charge given in the instant case is consistent with the decision in *State v. Anderson*, 59 S.C. 229, 37 S.E. 820 (1901), which upheld an analogous charge in a case involving larceny. Therein, the trial court charged the jury:

Time is not what we term of the essence of a crime when a theft or other criminal offense is said to have been committed at a certain time. The gist of the charge does not consist in proving that it was done at the exact time laid in the indictment. The gist is whether or not the crime as alleged was committed, and, if the state proves that it was committed at any time, -the particular charge contained in the indictment prior to the finding of the true bill, -that would be sufficient; but the state must prove the charge as contained in the indictment. It is not necessary, and the state is not required, to prove the exact time laid in the indictment; but, still, it must prove that substantial charge as having been committed at some date, certainly before the finding of the true bill.

*Id.* at 232, 37 S.E. at 821. In upholding the charge, the *Anderson* court reasoned the trial court's instruction was appropriate because South Carolina does not require the State to prove the exact time of the offense where it is not a material element of the crime. *Id.* The same is true in the instant case, as *Tumbleston* established that time is not a material element of committing a lewd act on a minor. *See* 376 S.C. at 101, 654 S.E.2d at 855.

In addition to *Anderson*, our more recent jurisprudence addressing jury charges in cases involving child sex crimes suggests the charge in the instant case was not erroneous. In *State v. Rayfield*, the defendant was charged with three counts of criminal sexual conduct with a minor in violation of section 16–3–655 of the South Carolina Code (2003). 369 S.C. 106, 115, 631 S.E.2d 244, 249 (2006). The trial court charged

the jury with the contents of a related statute, section 16–3–657, which provides "[t]he testimony of the victim need not be corroborated in prosecutions under §§ 16–3–652 through 16–3–658." *Id.* On appeal, our supreme court recognized, "It is not always necessary, of course, to charge the contents of a current statute." *Id.* at 117, 631 S.E.2d at 250. Nevertheless, the court held the instruction did not constitute prejudicial error because "the charge as a whole comport[ed] with the law." *Id.* at 118, 631 S.E.2d at 250. In so holding, the court emphasized that along with charging the jury with the contents of the statute, the trial judge "thoroughly instructed [the jury] on the State's burden of proof and the jury's duty to find the facts and judge the credibility of witnesses." *Id.*

■ In the instant matter, it was not required that the trial court charge the jury that time is not a material element of committing a lewd act on a minor. However, as in *Rayfield,* this instruction did not constitute reversible error as the charge as a whole comported with the law. The trial court instructed the jury as to the contents of section 16–15–140 along with the State's burden to prove the charges in indictment beyond a reasonable doubt. Thus, the jury was adequately advised of the essential elements of the offense that had to be proven. Moreover, similar to *Rayfield,* the trial court in the instant matter instructed the jury on its duty to consider the credibility of a witness's testimony. With regard to credibility, the trial court charged the jury:

> You're not to infer from anything I have said or done or anything I now say or do as indicating an opinion of mine on the facts. Our law does not allow a trial judge to formulate or express to a jury an opinion on the facts. It's simply, solely up to you to examine the evidence and to give to the evidence the effect, the value, the weight, and the truth you believe it should have.

> In doing this, you may believe one witness as opposed to several, several witnesses as opposed to one. You may believe all, part, or none of a witness'[s] testimony. In analyzing the evidence, use your common sense, your sense of logic, your sense of reasoning, and your experiences in life.

As judges of the facts, you must necessarily judge the credibility, that is the believability, of the witnesses who have testified. In assessing credibility, use the things I just talked about. Use the things that you find in your day-to-day life as being indicative of truthfulness in an, in an individual, and you can use certain evaluators, a witness'[s] demeanor, how they act on the stand, are they hesitant or straightforward, is their testimony consistent or inconsistent. Consider the opportunity a witness had to know things to which the witness testified to.

You can consider any bias or prejudice a witness may have. That is, a witness would wish to help or hurt one side or the other, and you can consider whether or not someone has a criminal record in regard to their believability.

In addition to the charge on credibility, the trial court separately instructed the jury as to its duty to assess the believability of a child witness. In its charge, the trial court explained that when a witness is a child "you must determine, as with any witness, whether the testimony is believable." The court further instructed the jury "but as to a child, you may also consider the [child's] age, the child's ability to observe and remember the facts, [and] the child's ability to understand and answer questions."

The dissent argues the circumstances of this case made it improper for the trial court to charge the jury that time is not a material element of the crime of committing a lewd act on a minor. The dissent's argument mirrors the arguments in Justice Pleicones's dissenting opinion in *Rayfield.* In fact, the dissent cites to the *Rayfield* dissent for the proposition that it is not always appropriate for the trial court to charge a correct point of law to the jury. *See* 369 S.C. at 119, 631 S.E.2d at 251 (Pleicones, J., dissenting) ("Some principles of law, however, are not to be charged to a jury.").

We recognize some principles of law should not always be charged to the jury. However, our supreme court has made clear in at least two instances when a principle of law is not the proper subject of a jury charge. *See State v. Grant,* 275 S.C. 404, 408, 272 S.E.2d 169, 171 (1980) (holding that it is improper for the trial judge to instruct the jury on the law of flight); *State v. Hammond,* 270 S.C. 347, 356, 242 S.E.2d 411,

416 (1978) (holding that although it is always proper for an attorney in his argument to the jury to point out the failure of a party to call a material witness, "such a charge has no proper place in the judge's statement of the law"). To date, the supreme court has not enunciated the "time is not a material element" instruction is erroneous. In fact, in *State v. Schumpert*, 312 S.C. 502, 508, 435 S.E.2d 859, 863 (1993), the court found the trial court's charge including the language "time is not a material element of a sexual assault involving a child" did not prejudice the defendant.

Based on the determination in *Schumpert*, we believe a precedential inference can be drawn that the jury charge in the instant case was not prejudicial. In *Schumpert*, the indictment alleged the defendant raped the minor victim on one occasion between April 13 and May 18, 1990. *Id.* at 507, 435 S.E.2d at 862. At trial, however, the victim testified the rape occurred on either Saturday, April 14 or Saturday, April 21. *Id.* The trial court charged the jury as follows:

> The State is not required to prove that the offense occurred on any exact day between the alleged period of time. But the state is required to prove that the alleged offense did occur sometime during the period of April the 13th, 1990 and May the 18th, 1990. *I charge you that time is not a material element of a sexual assault involving a child.*

*Id.* at 508, 435 S.E.2d at 862–863 (emphasis added).

On appeal, the defendant challenged the jury charge, arguing "where the State's own proof narrowed the time frame to two Saturdays in April, it was prejudicial to his plea of alibi to allow the jury to find that the offense occurred any time during the time alleged in the indictment." *Id.* at 508, 435 S.E.2d at 863. The *Schumpert* court found that the defendant was not prejudiced by the trial court's charge regarding the time of the offense. *Id.* In reaching this conclusion, the court reasoned: "Despite the charge allowing the jury to consider a larger time period than that introduced into evidence by the State, [the defendant] produced alibi evidence for every weekend during the entire time period charged." *Id.*

Given the court's reasoning in *Schumpert*, we are not convinced the trial court's charge in the instant matter was prejudicial to Appellant's strategy of highlighting inconsistencies in Victim's statements concerning the time of the alleged

incident. At trial, Appellant's defense counsel ably argued these inconsistencies to the jury. In particular, defense counsel noted that Brittany's son, who Victim initially claimed was born just before the time of the alleged incident, was in fact born in January 2008. Defense counsel further contradicted Victim's testimony by offering testimony from Appellant and his cousin, Blackwell. This testimony indicated Appellant visited the mobile home only once and that the visit took place after Brittany had her baby. Moreover, Victim's mother, who was the State's witness, testified she picked Victim up from the mobile home sometime around January 1, 2008, which contradicted Victim's testimony and was consistent with the timeline offered by the defense. Although the trial court instructed the jury that time is not a material element of the offense, defense counsel proceeded with his strategy and presented a defense of factual impossibility. *Cf. Schumpert*, 312 S.C. at 508, 435 S.E.2d at 863 (holding the defendant was not prejudiced by the charge that included the language "time is not a material element of sexual assault involving a child" and allowing the jury to consider a larger time period than that introduced into evidence by the State because the defendant "produced alibi evidence for every weekend during the entire time period charged"). Accordingly, we find no prejudice in this case from the charge given.

## II. Admission of Forensic Interviews

Appellant argues the trial court erred in admitting the DVD recording of Victim's interviews with the forensic examiner. He contends the content of the recording constituted a prior consistent statement that improperly bolstered Victim's testimony. We disagree.

■ "Generally, a prior consistent statement is not admissible unless the witness is charged with recent fabrication or improper motive or influence." *State v. Russell*, 383 S.C. 447, 450, 679 S.E.2d 542, 543–44 (Ct.App.2009) (citing Rule 801(d)(1)(B), SCRE). However, section 17–23–175 of the South Carolina Code (2014) permits the admission of out-of-court statements by a child under the age of twelve when the following conditions are met:

(1) the statement was given in response to questioning conducted during an investigative interview of the child;

(2) an audio and visual recording of the statement is preserved on film, videotape, or other electronic means . . .;

(3) the child testifies at the proceeding and is subject to cross-examination on the elements of the offense and the making of the out-of-court statement; and

(4) the court finds, in a hearing conducted outside the presence of the jury, that the totality of the circumstances surrounding the making of the statement provides particularized guarantees of trustworthiness.

Thus, the legislature has made "specific allowances" for the admission of out-of-court statements by child victims in criminal sexual conduct cases when the requirements of section 17–23–175 are satisfied. *State v. Whitner*, 399 S.C. 547, 558–59, 732 S.E.2d 861, 867 (2012).

■ Appellant acknowledges that section 17–23–175 has been held by our supreme court to be a valid legislative enactment.[4] However, he contends it is still impermissible to offer testimony bolstering that of an alleged child victim. In essence, Appellant argues that even though *Whitner* permits the admission of a child victim's out-of-court statements, such statements are only admissible if they do not bolster the credibility of the child witness.

In *Whitner*, the appellant challenged the admission of the victim's forensic interview videotape, arguing "it was cumulative repetition of the minor victim's testimony at trial and improper bolstering." 399 S.C. at 558, 732 S.E.2d at 867. The contents of the interview were similar to the underlying allegations the victim first disclosed to her mother, as well as the testimony given by the victim at trial. *Id.* at 551–52, 732 S.E.2d at 863. In spite of the similarities between the victim's out-of-court statements and the victim's trial testimony, the court noted "the forensic interview of the child and mere foundational trial testimony of the interviewer *serve as a model of how the statute is designed to work.*" *Id.* at 559, 732 S.E.2d at 867 (emphasis added). In reaching this conclusion,

---

4. *See Whitner*, 399 S.C. at 559, 732 S.E.2d at 867 (holding section 17–23–175 is a valid legislative enactment); *id.* (recognizing the South Carolina Rules of Evidence allow the legislature to enact evidentiary rules so long as such an enactment does not violate the state or federal constitutions).

the court emphasized "the forensic interviewer did not improperly lead or influence the victim in any way, and the victim answered the questions on her own accord." *Id.* The court further noted, "the forensic interviewer's testimony was for the limited purpose of laying the proper foundation for the admission of the videotape." *Id.* Consequently, the court concluded that there was no error in the admission of the forensic interview into evidence. *Id.* at 559–60, 732 S.E.2d at 867.

Here, the trial court found the DVD recording of Victim's two forensic interviews met the requirements of section 17–23-175, noting:

The statements were not elicited by leading questions. There was one question that was a little toward[s] leading, but it was not answered and another question was asked, and—but I only remember one being somewhat suggestive of an answer. But, in fact, it was not answered and there were no other, by my viewing of it, any other leading questions, and, again, that one was not answered. Another question was asked.

Appellant does not challenge the trial court's ruling that the statutory conditions required for admission of the recording were satisfied. *See Whitner,* 399 S.C. at 565, 732 S.E.2d at 870 (Pleicones, J., concurring) ("[T]here is no basis for an improper bolstering argument when [a child victim's] prior testimony is admitted pursuant to § 17–23-175."). Furthermore, as in *Whitner,* the forensic examiner never stated he believed Victim, and he gave no indication regarding Victim's credibility. Instead, the forensic interviewer offered testimony for the sole purpose of laying the proper foundation for the admission of the recording. Accordingly, we find the trial court did not abuse its discretion in admitting the recording of Victim's forensic interviews into evidence.

## CONCLUSION

For the foregoing reasons, Appellant's conviction and sentence are **AFFIRMED.**

SHORT, J., concurs.

FEW, C.J., concurring in part, and dissenting in part.

I concur with the result reached by the majority as to the admissibility of the forensic interviews. I disagree, however, that the jury charge—"time is not a material element of the offense of criminal sexual conduct with a minor"—was proper in this case. Because I would find giving this charge was error that prejudiced Perry, I would reverse.

## I. The "Improper Bolstering" Objection

I first address the admissibility of the forensic interviews because my discussion of that issue sets the stage for my explanation of why the jury charge was improper and prejudiced Perry.

Perry objected to the admissibility of the forensic interviews on the basis that the interviews "improperly bolstered" the victim's testimony. However, an objection on the basis of improper bolstering is not a valid objection unless it is based on a specific rule of evidence, which Perry's objection was not. Similarly, Perry's argument on appeal that the interviews "impermissibly bolstered [the victim's] testimony" is of no legal consequence. As a result, Perry presented no valid issue for this court to address regarding the admissibility of the forensic interviews.

The concept of "bolstering" relates to the capacity of testimony or evidence to make other testimony or evidence more credible. Evidence that bolsters other evidence is generally relevant because it makes the existence of disputed facts more probable by enhancing the credibility of the evidence that proves those facts. *See* Rule 401, SCRE (" 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."). In this case, the forensic interviews are relevant for the additional reason that they contain the victim's statements about what happened to her and who committed the crime. Under Rule 402, SCRE, "All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, the Constitution of the State of South Carolina, statutes, these rules, or by other rules promulgated by the Supreme Court of South Carolina."

As with any relevant evidence, therefore, a trial court may not exclude evidence that bolsters other evidence unless the exclusion is "provided" for by some constitutional, statutory, or rule-based principle of law.

Historically, trial courts have excluded evidence that bolsters other evidence in two primary circumstances. First, witnesses "may not offer an opinion regarding the credibility of others." *State v. Kromah*, 401 S.C. 340, 358, 737 S.E.2d 490, 499 (2013). In *State v. Taylor*, 404 S.C. 506, 745 S.E.2d 124 (Ct.App.2013), we explained this basis for excluding evidence that bolsters: "the prohibition against bolstering is for the purpose of preventing a *witness* from *testifying* whether another witness is telling the truth," and "[i]mproper bolstering occurs when a[ ] ... *witness* is allowed to give his or her opinion as to whether the complaining witness is telling the truth." 404 S.C. at 514, 745 S.E.2d at 128 (emphasis added); *accord State v. Whitner*, 399 S.C. 547, 559, 732 S.E.2d 861, 867 (2012) (describing bolstering testimony as "to have the forensic interviewer, improperly imbued with the imprimatur of an expert witness, invade the province of the jury by vouching for the credibility of the alleged victim"); *see also* James F. Dreher, *A Guide to Evidence Law in South Carolina* 21 (S.C. Bar 1967) ("The general rule is that unless the credibility of your witness has been attacked, you may not offer proof that his credibility is good."). In *State v. McKerley*, 397 S.C. 461, 725 S.E.2d 139 (Ct.App.2012), we explained that this basis for excluding evidence for its bolstering effect is now "incorporated into Rule 608(a) of the South Carolina Rules of Evidence." 397 S.C. at 464, 725 S.E.2d at 141; *see also* Rule 608(a), SCRE ("The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to [two] limitations....").

The second circumstance in which courts have excluded evidence that bolsters is when a party offers an out-of-court statement—consistent with a witness's testimony—before the witness is impeached. *See State v. Barrett*, 299 S.C. 485, 486–87, 386 S.E.2d 242, 243 (1989) (stating "when a witness has not been impeached, evidence of prior consistent statements is inadmissible" and calling the violation of this principle "improper bolstering"). This basis for excluding evidence for its bolstering effect is now incorporated into Rule 802, SCRE—

the rule against hearsay—and the non-hearsay provisions of Rule 801(d)(1)(B) and (D), SCRE. *See Whitner*, 399 S.C. at 558, 732 S.E.2d at 867 (citing Rule 801(d)(1) for the proposition that "a prior consistent statement is not admissible unless the witness is charged with fabrication or improper motive or bias").

Under the Rules of Evidence, therefore, the bases on which a trial court may exclude evidence that bolsters other evidence include Rule 608(a) and Rule 802. Conceivably, a trial court could exclude evidence for its bolstering effect under Rule 403, which provides, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by" considerations listed in the rule.[5]

Other than these rules, however, there is no provision under modern evidence law to exclude relevant evidence on the basis of improper bolstering. Thus, neither Perry's objection to the trial court nor his argument to this court that the forensic interviews constituted improper bolstering has any legal import. They are based on an invalid argument under our Rules of Evidence.

Moreover, the trial court admitted the forensic interviews pursuant to section 1723–175 of the South Carolina Code (2014). This statute reflects our General Assembly's recognition that the central issue in the trial of almost any sexual assault case involving a child—certainly this one—is whether the victim's testimony is truthful and accurate.[6] It represents our General Assembly's policy determination that a forensic interview should be admissible to enhance the credibility of a child sexual assault victim's trial testimony—bolster—if it meets the criteria of the statute. Under section 17–23–175 and the policy underlying it, therefore, the tendency of a

---

**5.** *See United States v. Bermudez*, 529 F.3d 158, 165–71 (2d Cir.2008) (Underhill, J., dissenting) (arguing Rule 403 permits the exclusion of evidence that bolsters other evidence). *But see Westfield Ins. Co. v. Harris*, 134 F.3d 608, 613 (4th Cir.1998) (finding the district court abused its discretion by excluding bolstering evidence under Rule 403).

**6.** Section 17–23–175 applies more broadly than just to child sexual assault cases, and thus also represents a broader general recognition of the challenges courts face in dealing with the credibility of children. *See* § 17–23–175(A) (providing the section applies "[i]n a general sessions court proceeding or a delinquency proceeding in family court").

forensic interview to enhance the credibility of the victim's testimony is precisely the reason that admission of the interview is proper.

Thus, Perry's objection to the forensic interviews on the basis of improper bolstering and his similar argument on appeal are invalid. They are not only ineffective under the Rules of Evidence, but inconsistent with section 17–23–175, which specifically provides for the admission of these forensic interviews for the very reason Perry contends admission was improper—the interviews bolstered the credibility of the victim.

## II.  The Jury Charge

In my opinion, the importance of the victim's credibility also made it improper for the trial court to charge the jury as it did. Although it is true "time is not a material element" of the crime of lewd act on a minor, the fact that it is a correct point of law does not make it proper for the trial court to charge it to the jury. *Compare State v. Rayfield,* 369 S.C. 106, 117, 631 S.E.2d 244, 250 (2006) ("It is not always necessary, of course, to charge [a particular point of law]."), *with* 369 S.C. at 119, 631 S.E.2d at 251 (Pleicones, J., dissenting) ("Some principles of law, however, are not to be charged to a jury.").

The primary case upon which the majority relies for the correctness of the charge—*State v. Tumbleston,* 376 S.C. 90, 654 S.E.2d 849 (Ct.App.2007)—has nothing to do with a jury charge. There were two issues on appeal in *Tumbleston:* (1) whether the trial court erred in denying the defendant's motion for a directed verdict, 376 S.C. at 102, 654 S.E.2d at 855, and (2) whether "the trial court erred in denying [the defendant's] motion to quash the indictments." 376 S.C. at 94, 654 S.E.2d at 851. As to the second issue, the defendant argued "the indictments did not allege the specific time of each offense intended to be charged, and thus, failed to provide him with adequate notice to prepare a defense." 376 S.C. at 92, 654 S.E.2d at 850. Therefore, our statement in *Tumbleston,* "Time is not a material element of ... lewd act on a minor," 376 S.C. at 101, 654 S.E.2d at 855, related only to whether the indictment sufficiently put the defendant on notice of the charges against him. We stated:

We reject the notion that a specified time period prevented [the defendant] from adequately preparing his defense to the charges. Reading the indictments objectively from a reasonable person's view, we conclude they contain the necessary elements of the offenses charged and sufficiently apprise [the defendant] that he must be prepared to address his conduct toward [the victim] between 2001 and June 2004.

376 S.C. at 102, 654 S.E.2d at 855. We never intended in *Tumbleston* to address when it might be appropriate, or whether it is ever permissible, to instruct the jury as the trial court did in this case.

The majority also relies on *State v. Anderson*, 59 S.C. 229, 37 S.E. 820 (1901). In that case, the defendant was charged with larceny for stealing a cow. 59 S.C. at 230, 37 S.E. at 820. At trial, "the defendant introduced evidence to prove an alibi." *Id.* The trial court charged the jury that "the defendant assumes the burden of proving [his alibi]." *Id.* The definition of alibi then, as now, required the defendant to prove he could not have committed the crime because he was somewhere else *at the specific time* the crime was committed.[7] The court's charge that the burden of proof is on the defendant—an incorrect charge under modern law[8]—demonstrates the reason *Anderson* is not helpful in analyzing the correctness of the

---

7. *Compare State v. Atkins*, 49 S.C. 481, 481, 27 S.E. 484, 484 (1897) (reciting the following definition of alibi from the trial court's charge: "An alibi means that he was at some place other than where the crime was committed at that time, and, therefore, could not have committed the crime charged" (emphasis removed)), *with Glover v. State*, 318 S.C. 496, 498, 458 S.E.2d 538, 540 (1995) (stating "an alibi derives its potency as a defense from the fact that it involves the physical impossibility of the accused's guilt").

8. *See State v. McGhee*, 137 S.C. 256, 260–61, 135 S.E. 59, 60 (1926) (stating the requirement of imposing the burden of proving alibi on the defendant is "illogical," and adopting the concurring opinion of Justice Cothran from *State v. Des Champs, infra* ); *State v. Des Champs*, 134 S.C. 179, 181, 131 S.E. 420, 420 (1926) (Cothran, J., concurring) ("But it seems to me that the so-called 'affirmative defense' of alibi is not an affirmative defense at all. It is simply evidence adduced by the defendant to sustain his plea of not guilty; that he did not commit the crime for the reason that he was not at the scene of the crime at the time of the occurrence. The burden was upon the state to prove beyond a reasonable doubt that the defendant was present at the scene of the crime and actually committed it.").

charge in Perry's case. To meet the burden the trial court imposed on him of proving his alibi, the defendant in *Anderson* had to prove he was somewhere else at the specific time the crime was committed. Because the specific time the crime was committed was not part of the State's burden, the circumstances of that case justified the trial court's charge that time is not an element of the crime.

Finally, the majority relies on *State v. Schumpert*, 312 S.C. 502, 435 S.E.2d 859 (1993). I find *Schumpert* interesting for two reasons. First, the supreme court chose not to address whether giving the charge was error, but only whether the charge caused prejudice. Second, *Schumpert* relies on *State v. Rallo*, 304 S.C. 258, 403 S.E.2d 653 (1991). The *Schumpert* court explained the prejudicial error in *Rallo:*

> In *Rallo* the indictment was amended to allege the offense occurred on February 14. We held the trial judge erred in charging the jury the offense occurred "on or about" February 14 because the indictment alleged February 14 and the defendant had focused on that date in presenting evidence of alibi. Essentially, the defendant in *Rallo* did not have notice of any date other than that alleged in the indictment and it was error to charge the jury with a larger time period.

312 S.C. at 508, 435 S.E.2d at 863. *Rallo* is not controlling, but it demonstrates that a jury charge correct on its face can constitute prejudicial error if it serves to defeat the primary argument the defendant makes in his defense.

Trial courts do not normally charge the jury as to what is *not* an element of the crime. However, under circumstances that justify doing so, such a charge can be proper. *Anderson* is an example of such a circumstance. As another example, it was permissible in certain cases for the trial court to instruct the jury what was not an element of the crime formerly named "assault and battery with intent to kill." [9] In *State v. Foust*, 325 S.C. 12, 15, 479 S.E.2d 50, 51 (1996), our supreme court clarified that to prove a defendant guilty of the crime, the

---

9. The name "assault and battery with intent to kill" was misleading because the name suggested one of the elements was a specific intent to kill. *See* S.C.Code Ann. § 16-3-620 (2003) (repealed Act No. 273, 2010 S.C. Acts 1949–50).

State need prove only a general criminal intent, not a specific intent to kill. In subsequent trials, despite *Foust,* defendants would often argue the State did not prove a specific intent to kill. In such a circumstance, and certainly others, the trial court could properly instruct the jury on what elements the State did not have to prove.

There are no circumstances in this case that justify the trial court's instruction to the jury that time is not an element of lewd act on a minor. In fact, the circumstances of this case made the instruction improper. Perry built his entire presentation to the jury around what he claimed were the striking inconsistencies in the victim's testimony as to when the crime occurred. In particular, Perry argued the victim's testimony as to the time of the offense was inconsistent because: (1) the victim claimed Brittany was present in the home with her baby when the crime occurred, and (2) the victim's mother testified she picked up the victim from her father's house on January 1, two weeks before Brittany's baby was born. The State argues the victim's testimony as to the time of the offense is not inconsistent, and the record contains support for both positions. Nevertheless, Perry's argument—the inconsistency was critical to the jury's evaluation of the credibility of the victim and the State failed to prove the time of the alleged crime—formed the basis of his defense.

This case is not unlike *Rallo.* There, the charge constituted prejudicial error because it defeated the defendant's alibi by enlarging the time the State could prove for the crime. Here, the charge contradicted the defendant's claim that the victim's credibility was suspect because she could not identify the time of the offense. Under the circumstances of this case, it was improper for the trial court to instruct the jury that "time is not a material element" of the crime, and this error prejudiced Perry. For these reasons, I would reverse.